IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 2, 2009

**STATE OF TENNESSEE v. RANDALL GENE REYNOLDS
a.k.a  RANDY REYNOLDS**

**Direct Appeal from the Circuit Court for Lake County
No. 07-CR-9013     Russell Lee Moore, Jr., Judge**

_____

**No. W2008-01752-CCA-R3-CD  - Filed January 14, 2010**

_____

The Appellant-Defendant, Randall Gene Reynolds, pled guilty in the Circuit Court of Lake County to flagrant nonsupport of a minor child, a Class E felony.  He was sentenced to five years of probation and was ordered to pay restitution in the amount of $13,440.  Pursuant to Tennessee Rule of Criminal Procedure 37, Reynolds reserved as a certified question of law the issue of whether the trial court erred by denying his motion to dismiss the indictment. Reynolds contends the order setting child support was invalid, and therefore his failure to comply with the order cannot form the basis of prosecution.  Following our review of the record, we conclude that the certified question is not dispositive of this case, and thus we lack jurisdiction to review this appeal.  The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

James E. Lanier, District Public Defender; H. Tod Taylor, Assistant District Public Defender, Dyersburg, Tennessee, for the Defendant-Appellant, Randall Gene Reynolds.

Robert E. Cooper, Jr., Attorney General and Reporter; Melissa Roberge, Assistant Attorney General;  C. Phillip Bivens, District Attorney General; and Lance Webb, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Background**.  On July 9, 2007, Reynolds was indicted for two counts of flagrant nonsupport of minor children.  The record does not indicate the disposition of count one;

however, the briefs for both parties indicate that count one was dismissed because it was barred by the statute of limitations. Count two states:

> The GRAND JURORS of LAKE County, Tennessee, duly empaneled and sworn upon their oath present that RANDALL REYNOLDS aka RANDY REYNOLDS, heretofore, to-wit, during a period of time from July 9, 2005 to present, and before the return of this indictment, in Lake County, Tennessee, did unlawfully fail to provide support to his minor child, David R. Reynolds, knowing that he had a duty to provide said support and which support he is able to provide, and after having previously been convicted of nonsupport of minor children in Lake County Circuit No. 98-CR-7854 on March 22, 1999, in violation of T.C.A §39-15-101, a Class E felony, and against the peace and dignity of the State of Tennessee.

Reynolds filed a motion to dismiss the indictment on October 18, 2007. He argued that the order setting child support was invalid because the court that originally set child support, the Juvenile Court for Lake County, lacked jurisdiction. The trial court summarized the underlying facts of Reynolds' claim as follows:

> On December 2, 1993, Misty Reynolds, the mother of the children in question, filed for divorce from Randall Reynolds, the defendant in this cause, in the Lake County Chancery Court, docket no. 3859. . . .
>
> . . .
>
> On June 13, 1995, a petition to set child support was filed in the Juvenile Court for Lake County, Tennessee, by Misty Reynolds, docket no. C95-159. . . .
>
> On June 29, 1995, a second complaint for divorce was filed by Misty Reynolds against Randall Reynolds in Lake County Chancery Court, docket no. 4134.
>
> On July 10, 1995, the Juvenile Court for Lake County, Tennessee, entered an order setting child support against the defendant, Randall Reynolds.
>
> On September 7, 1995, a judgment of divorce was granted to Misty Reynolds in the second divorce action, docket no. 4134. The child support order filed August 1, 1995, in the Juvenile Court for Lake County, Tennessee, was incorporated by reference into said judgment of divorce.

The defendant alleges that the Juvenile Court for Lake County, Tennessee, was never vested with jurisdiction to set and enforce child support due in this cause because the Chancery Court for Lake County, Tennessee, had acquired exclusive jurisdiction on December 2, 1993, to set and enforce child support due to the filing of the first complaint for divorce, docket no. 3859. Specifically, defendant asserts that since the second divorce complaint was dismissed in the same court, the Chancery Court and not the Lake County Juvenile Court was at all times exclusively vested with jurisdiction to set and enforce child support in this cause.

The trial court denied Reynolds' motion to dismiss, making the following findings:

> Under the facts of this case, the Court finds that at the dismissal of the first complaint for divorce, the Juvenile Court acquired jurisdiction to set child support. Even if jurisdiction was not vested in the Juvenile Court, the Chancery Court for Lake County, incorporated the Order of the Juvenile Court setting the child support when divorce was granted on September 7, 1995. Defendant's Motion to Dismiss for lack of jurisdiction is, therefore, denied.

After the motion to dismiss was denied, Reynolds pled guilty to count two of the indictment. Pursuant to Tennessee Rule of Criminal Procedure 37, he reserved the following certified question:

> Whether the Trial Court erred in denying Defendant's motion to dismiss the indictment when it held that the Juvenile Court of Lake County, Tennessee was vested with jurisdiction to set child support in this cause and that even if jurisdiction was not vested in the Juvenile Court to set child support the Order of the Chancery Court of Lake County, Tennessee incorporating in the Decree of Divorce the Juvenile Court's order setting child support cured any jurisdictional defect.

## ANALYSIS

**I. Certified Question**. Reynolds claims the trial court should have dismissed count two of the indictment because the original order setting child support was invalid. He argues that the Chancery Court of Lake County was not permitted in the judgment of divorce to incorporate the Juvenile Court's order because the Chancery Court had exclusive jurisdiction to set child support. Therefore, Reynolds contends his failure to comply with the child support order cannot serve as the predicate conviction upon which the prosecution is based. In response, the State asserts that Reynolds' claim is not dispositive of this case because the

charged offense does not require proof that Reynolds violated an order requiring payment of child support. Consequently, the State asserts this court lacks jurisdiction to hear this appeal. Upon review, we agree with the State.

Tennessee Rule of Criminal Procedure 37(b)(2)(A) allows a defendant to enter a guilty plea but reserve the right to appeal a certified question of law, subject to certain requirements. One requirement is that "the judgment or document reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]" Tenn. R. Crim. P. 37(b)(2)(A)(iv) (2005). In determining whether the certified question is dispositive, this court is not bound, however, by the opinion of the trial court, the defendant, and the State. State v. Thompson, 131 S.W.3d 923, 925 (Tenn. Crim. App. 2003). This court is permitted to make an independent determination about whether the certified question is dispositive from the record. State v. Dailey, 235 S.W.3d 131, 135 (Tenn. 2007) (citing State v. Preston, 759 S.W.2d 647, 651 (Tenn. 1988) (internal citation omitted)). If this court finds that the certified question is not dispositive, appellate review must be denied. Preston, 759 S.W.2d at 651.

This court has stated that a certified question is dispositive "when this court must either affirm the judgment or reverse and dismiss." State v. Wilkes, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984). The Tennessee Supreme Court has reviewed a series of cases which found that a certified question was not dispositive where "the record before the appellate court demonstrated that the prosecution had evidence not challenged by the certified question that could be used to prosecute the defendant." Dailey, 235 S.W.3d at 136. For example in State v. Walton, the defendant pled guilty to burglary charges but reserved as a certified question the admissibility of incriminating statements made to the police. 41 S.W.3d 75, 80 (Tenn. 2001). The Court held that the question was not dispositive because the record contained other evidence that incriminated the defendant. Id. at 96.

Tennessee Code Annotated section 39-15-101, provides:

(a) A person commits the crime of nonsupport who fails to provide support which that person is able to provide and knows the person has a duty to provide to a minor child or to a child or spouse who, because of physical or mental disability, is unable to be self-supporting.

        . . .

(c) "Support" includes, but is not limited to, financial assistance, food, shelter, clothing, medical attention or, if determined elsewhere by law, other necessary care.

As pertinent to this case:

(d) A person commits the offense of flagrant nonsupport who:

. . .

(2) Having been convicted one (1) or more times of nonsupport or flagrant nonsupport, is convicted of a subsequent offense under this section.

The indictment in this case charged flagrant nonsupport based on Reynold's prior guilty plea in the Lake County Circuit Court to misdemeanor nonsupport of a minor child. There is no dispute that the defendant was ordered to pay child support by the Lake County Juvenile Court on August 1, 1995. There is also no dispute that on September 7, 1995, the Chancery Court for Lake County granted a judgment of divorce in which it adopted and incorporated by reference the juvenile court order setting Reynold's child support payments. The defendant argues, however, that the Chancery Court had exclusive jurisdiction over child support, therefore, the orders for child support and contempt issued by the Lake County Juvenile Court were invalid. However, we fail to see how the Defendant-Appellant's issue is dispositive of the case or how this question is appropriate for our review.

First, the indictment in this case was based upon the defendant's guilty plea in the Lake County Circuit Court to nonsupport of minor children, a class A misdemeanor, on March 22, 1999. Significantly, the record does not show whether this prior conviction stemmed from a violation of any child support order. Reynolds received a sentence of eleven months and twenty nine days in the Tennessee Department of Correction, to be served concurrently with several other cases. There was no appeal of that criminal conviction. These facts establish the elements of the offense without any constitutional abridgement. Therefore, the judgment of the trial court is affirmed.

Next, we are compelled to briefly respond to Reynolds claim that the instant prosecution is jurisdictionally flawed. In Reynolds brief, he focuses exclusively on the invalidity of the child support orders alleging the Lake County Juvenile Court lacked jurisdiction to issue them. On September 18, 2006, more than ten years after the entry of the August 1995 Juvenile Court order, the defendant filed a motion to set aside the August 1995 Juvenile Court order alleging, inter alia, that he had not received notice of the court's prior hearing concerning child support and that the arrearage figures were not consistent with the Tennessee Child Support Guidelines. The Lake County Juvenile Court set the matter for a hearing. After several continuances, and following the issuance of the instant indictment, the record shows the matter was dismissed by "voluntary non-suit." Here, we must observe

that Reynolds attack is upon the civil judgments, not the instant criminal conviction. In civil actions, Rule 60 of the Tennessee Rules of Civil Procedure[1] provides the appropriate vehicle for a party to obtain relief from a final judgment. See e.g. Bankston v. State, 815 S.W.2d 213, 216 (Tenn. Crim. App.1991). We see this case no differently than a defendant who is charged with violating the Habitual Motor Vehicle Offender Act (HMVO), the Class E felony, and does not attack the original HMVO order. Instead, the HMVO defendant files a motion to dismiss the indictment charging him with violating the HMVO order. We have previously held that this amounts to a collateral attack in a separate proceeding which is not permissible. Everhart v. State, 563 S.W.2d 795, 797-98 (Tenn.Crim.App.1978)

Thus, an appeal of this nature is not the appropriate vehicle to challenge the jurisdiction of the Juvenile Court to impose a child support order or the Chancery Court's adoption and incorporation thereof. Accordingly, this issue is not appropriate for our review.

Because we cannot decide whether to reverse or affirm the judgment of the trial court based upon the Juvenile Court's lack of jurisdiction to issue the child support order, Reynolds has not reserved a certified question that is dispositive of his case. See Wilkes, 684 S.W.2d at 667. Accordingly, we do not have jurisdiction to review his appeal, and Reynolds is not entitled to relief.

## CONCLUSION

Upon review, we conclude that Reynolds' certified question is not dispositive of this case, and therefore we are without jurisdiction to consider the appeal. Accordingly, the appeal is dismissed.

_____
CAMILLE R. McMULLEN, JUDGE

---

[1]Rule 60 provides: On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken. Tenn. R. Civ. P. 60.02.