**STATE of Tennessee**

v.

**Kyra ROBINSON.**

Court of Criminal Appeals of Tennessee, at Nashville.

Nov. 18, 2009 Session.

March 30, 2010.

No Application for Permission to Appeal Filed.

John G. Mitchell and Elizabeth C. Fikes, Murfreesboro, Tennessee, for the appellant, Kyra Robinson.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; and Bill Whitesell, District Attorney General, for the appellee, State of Tennessee.

## OPINION

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and CAMILLE R. McMULLEN, JJ., joined.

Appellant, Kyra Robinson, was indicted by the Cannon County Grand Jury for one count of theft of property over $10,000, one count of conspiracy to com-

mit theft, and 268 counts of fraudulently obtaining a controlled substance. Appellant filed an application for pretrial diversion. The Assistant Attorney General denied the application. Appellant sought review by petition for writ of certiorari with the trial court. After a hearing, the trial court denied the petition, finding that the Assistant Attorney General did not act arbitrarily or capriciously in denying the request for pretrial diversion. Subsequently, Appellant pled guilty to one count of theft and thirty-five counts of fraud in exchange for a total effective sentence of eight years. The State dismissed the remaining counts of the indictment. The trial court determined, after a sentencing hearing, that Appellant should serve the entire sentence on probation. Appellant appeals, challenging the denial of pretrial diversion as well as the trial court's denial of the writ of certiorari and judicial diversion. After a review of the record, we determine that Appellant waived the issue regarding pretrial diversion for failure to seek review via Tennessee Rule of Appellate Procedure 9 or 10 and by entering a guilty plea. Further, we determine that the trial court properly denied the writ of certiorari and judicial diversion. Accordingly, the judgments of the trial court are affirmed.

### Factual Background

Appellant was indicted by the Cannon County Grand Jury in January of 2008 for one count of theft of property over $10,000, one count of conspiracy to commit theft, and 268 counts of obtaining a controlled substance by fraud. Appellant worked as the jail nurse for the Cannon County Jail and was alleged to have falsified prescrip-

tions for medication for inmates. Appellant would call in the prescriptions, bill them to Cannon County, and take the medication herself or give it to her husband to sell in the surrounding areas. Appellant performed these activities over an eighteen-month period of time, amassing over 30,000 pills and charging approximately $10,500 to the Cannon County Jail.

Appellant applied for pretrial diversion.[1] The Assistant District Attorney issued a letter in which pretrial diversion was denied. Specifically, in making the decision to deny diversion, the Assistant District Attorney spoke with Appellant's current and former supervisors and several references provided by Appellant; reviewed drug screens taken by Appellant; reviewed Appellant's statement to the Tennessee Bureau of Investigation ("TBI"); and interviewed several members of the staff of the Cannon County Sheriff's Department and the Cannon County mayor.

In the written order denying diversion, the State noted that Appellant was in good mental and physical health and had held a job continuously from 1993 to 2008. Interviews with Appellant's current supervisor at CareAll Private Duty and references from a former employer at Home Health Concepts, Inc. as well as personal references weighed in Appellant's favor. However, the State determined "in evaluating the likelihood that pretrial diversion will serve the ends of justice and the best interests of both the public and defendant, I am of the opinion at this time that they will not." The State noted that Appellant, in her position as jail nurse, abused a position of private trust by using her knowledge of the health care industry to

---

1. Tennessee Code Annotated section 40–15–105 provides a procedure by which a criminal prosecution is held in abeyance during which time a defendant who maintains a good record of compliance with the conditions of diversion may avoid the stigma of a criminal conviction. It is reserved for individuals with the potential for rehabilitation and the avoidance of further criminal prosecutions.

commit the offenses. Further, the State concluded that Appellant's statement to the TBI and her statements in the application for diversion were "not completely consistent with each other." Specifically, in her application for diversion, Appellant claimed that the crimes were committed to support her drug addiction. In her statement to the TBI, Appellant blamed her criminal behavior on the fact that she was "pretty sure" that she would get the house in the pending divorce proceedings and that she wanted to make sure her husband was still able to make the house payment.

The State noted that the TBI opposed diversion. The TBI felt that Appellant's actions evinced an "organized criminal effort" to use her position of trust to fraudulently obtain the prescriptions in order to sell them for profit. Moreover, Appellant's activity was not isolated to Cannon County. Appellant was indicted by the Dekalb County Grand Jury with conspiracy to sell Schedule IV controlled substances.

The State also determined that Appellant failed to show any effort to receive rehabilitation. Further, the State knew that there was a "problem across the State of Tennessee" with nurses who use and obtain narcotics illegally. The Sheriff of Cannon County noted that there was a drug problem in the county that required deterrence. The County Mayor, Mike Gannon, was opposed to diversion, stating that Appellant should be held to a higher standard than an ordinary citizen because of her job.

Appellant was found to have a history of criminal conduct in part because she had used narcotics over a long period of time, eighteen months. Appellant's prior employers documented her attendance problems at work. Several expressed their concern for patients being treated by a nurse with a substance abuse problem.

Appellant also used approximately $10,500 of county money to facilitate her criminal activity.

After the initial denial of diversion, Appellant filed an application for common law writ of certiorari with the trial court. Appellant argued that the State acted arbitrarily and capriciously by denying diversion and sought a review of that decision by the trial court.

The trial court held a hearing on the matter. At the hearing, both parties agreed to enter stipulated statements by various witnesses, including all of the people the State interviewed while gathering information to make a determination regarding diversion.

Additionally, Appellant's mother, Renee Ferguson, testified at the hearing. She informed the trial court that, at the time of the hearing, Appellant was sober, pregnant, and engaged to be married. She described Appellant as a changed person.

Appellant testified in her own behalf. She described her addiction to pain killers and admitted that her addiction led her to commit the crimes. Appellant testified that she quit taking the drugs "cold turkey" on December 14, 2007. She described the detox process as painful and miserable. Appellant informed the court that she had $5,000 to apply to restitution to the county. Appellant's husband had already paid $5,000 to the county. Appellant stated that she had learned a "very valuable lesson" and acknowledged that she had disappointed a lot of people and was sorry for what she had done. Appellant described the effect that her actions had on her own career. Appellant is no longer able to practice as a nurse and was unable to find work for a period of about five months. Appellant expressed deep remorse and insisted that she would do

whatever the court asked her to do in the future.

At the conclusion of the hearing, the trial court noted its role was to determine if the State had acted arbitrarily or capriciously in denying diversion. The trial court noted that Appellant's "amenability to correction is off the scale on the positive side" and that "not many people would take the initiative to do what she has done." The trial court concluded that Appellant's social history and prior record were positive, weighing in Appellant's favor. However, the trial court felt that the offenses were "at the extreme on the other end." Appellant used a position of trust to facilitate the commission of crimes over a lengthy period of time. Further, the "deterrence value" was determined to be "off the scale again on the negative side" and diversion would "dampen or would certainly damage ... the public's interest and the ends of justice." The trial court concluded by commenting that the whole situation was a "tragedy" not only for Appellant, but for her daughter, her family, and all of Cannon County. Despite the many factors that weighed in favor of diversion, the trial court found that the State had not abused its discretion. Consequently, the trial court denied the writ of certiorari.

Appellant subsequently pled guilty to one count of theft and thirty-five counts of fraud, in exchange for an effective sentence of eight years. The trial court was to determine the manner of service of the sentence and whether Appellant was a suitable candidate for judicial diversion at a later sentencing hearing.

At the conclusion of the sentencing hearing, the trial court denied judicial diversion. The trial court again described the offense as "horrible" because of the "number of thousand of pills that were stolen," the "position of trust" in which Appellant was placed at the jail, the "abuse" of that trust, the length of time that the crimes were committed, and the level of betrayal perpetuated by Appellant in her actions. The trial court also noted that the deterrence value of Appellant's punishment was a "very public issue" weighing against the grant of diversion. On the other hand, the trial court again favorably noted Appellant's demonstration of her own amenability to correction. The trial court stated Appellant had "taken the burden upon herself since her apprehension." The Appellant's lack of prior criminal history and positive social history also weighed in favor of judicial diversion.

In conclusion, the trial court denied diversion and determined:

> [T]his is not a case where we should exercise our discretion to grant judicial diversion. Respectfully that's just not appropriate in this case given the number of convictions, given the period of time and the culpability involved in this case and the number of people that were affected and those other factors

The trial court ordered Appellant to serve her sentence on probation. In so doing, the trial court noted that it felt "compelled" but "really, really, really" unhappy about granting a suspended sentence in Appellant's case.

Appellant filed a timely notice of appeal under Rule 3 of the Tennessee Rules of Appellate Procedure. On appeal, Appellant challenges the State's denial of pretrial diversion, the trial court's denial of the writ of certiorari, and the trial court's denial of judicial diversion.

*Analysis*

██ The State maintains that Appellant has waived her right to appeal the State's denial of pretrial diversion by the act of pleading guilty and failing to reserve

a certified question of law.[2] According to the State, the Tennessee Supreme Court's opinion in *State v. McKim*, 215 S.W.3d 781 (Tenn.2007), makes clear that Appellant has waived the issue of pretrial diversion because she did not comply with Rule 3 of the Tennessee Rules of Appellate Procedure. Specifically, the State cites to the following language from *McKim* to support their assertion:

> Prior to July 1, 1997, interlocutory appeal under Tennessee Rules of Appellate Procedure 9 or 10 was the only means of attempting to overturn a trial court's decision to affirm a district attorney general's denial of pretrial diversion. A defendant who disagreed with the decision of the prosecutor or the trial court was required to pursue an interlocutory appeal in order to challenge that decision. If the defendant failed to seek interlocutory relief and was thereafter convicted, he or she was deemed to have waived the right to challenge the denial of pretrial diversion on direct appeal. *See State v. Mecord*, 815 S.W.2d 218, 219 (Tenn.Crim.App.1991). Effective July 1, 1997, however, Tennessee Rule of Criminal Procedure 38 was amended to permit a defendant to appeal his or her denial of pretrial diversion after conviction as well as before. Specifically, Rule 38 now provides that, where a defendant is unsuccessful in having the trial court reverse the prosecutor's denial of pretrial diversion,
>
> > the defendant may pursue an interlocutory appeal ... pursuant to either Rule 9 or Rule 10 of the Tennessee

> > Rules of Appellate Procedure.... If the defendant does not pursue an interlocutory appeal of the denial of a writ of certiorari, the defendant may appeal the denial pursuant to Rule 3(b), Tennessee Rules of Appellate Procedure, following the entry of the final judgment in the trial court.
>
> Tenn. R.Crim. P. 38(b). Thus, a defendant denied pretrial diversion may still seek an interlocutory appeal but will not be deemed to have waived the issue if he or she waits until after conviction to appeal.

*McKim*, 215 S.W.3d at 791 (quoting Tenn. R.Crim. P. 38(b)). Rule 3(b) of the Tennessee Rules of Appellate Procedure provides that:

> (b) Availability of Appeal as of Right by Defendant in Criminal Actions. In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(i) or (iv) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented

---

**2.** We cannot see how the propriety of the denial of pretrial diversion can ever be the subject of a reserved dispositive certified question. In order to be dispositive resolution of the certified question presented must leave the appellate court with the sole choice of either affirming the trial court or reversing and dismissing the case. *State v. Dailey*, 235 S.W.3d 131, 134 (Tenn.2007). In the case of

the denial of pretrial diversion, resolution of the appeal in favor of the defendant would not result in dismissal of the case, but rather with the defendant's being placed on diversion. Pretrial diversion simply holds the prosecution in abeyance until the defendant successfully completes the diversionary period or the diversion is revoked. T.C.A. § 40–15–105(a)(1)(A).

for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

In the case herein, the State denied pretrial diversion. Appellant proceeded by filing a writ of certiorari with the trial court. Upon denial of the writ, Appellant chose not to seek review of the trial court's decision pursuant to Rule 9 or 10 of the Tennessee Rules of Appellate Procedure, the traditional procedure for appeal in pretrial diversion cases. Instead, Appellant pled guilty to some of the charges. As can readily be seen any appeal of the denial of pretrial diversion pursuant to Tennessee Rule of Criminal Procedure 38(b) must be "pursuant to Rule 3(b) Tennessee Rules of Appellate Procedure." It can also readily be seen that Tennessee Rule of Appellate Procedure 3(b) has no provision for an appeal of the denial of pretrial diversion upon the defendant's plea of guilty. Thus, a criminal defendant who is convicted following a trial is permitted to appeal the denial of pretrial diversion pursuant Tennessee Rule of Appellant Procedure 3(b), however a defendant who pleads guilty has no appeal of a pretrial diversion denial under Rule 3(b). Therefore, this court lacks jurisdiction to entertain this issue on the merits.

### Denial of Judicial Diversion

██ Next, Appellant complains that the trial court improperly denied judicial diversion after the sentencing hearing. Specifically, Appellant complains that the trial court abused its discretion by failing to consider all the relevant factors and failing to "clearly articulate . . . the specif-ic reasons supporting its decision that the nature of the offense and the abuse by [Appellant] of a position of public trust outweigh all other relevant factors." The State contends that the trial court properly determined that the circumstances of the offense justified a denial of diversion.

██ According to Tennessee Code Annotated section 40–35–313, commonly referred to as "judicial diversion," the trial court may, at its discretion, following a determination of guilt, defer further proceedings and place a qualified defendant on probation without entering a judgment of guilt. T.C.A. § 40–35–313(a)(1)(A). A qualified defendant is one who:

(a) Is found guilty of or pleads guilty or nolo contendere to the offense for which deferral of further proceedings is sought;

(b) Is not seeking deferral of further proceedings for a sexual offense or a Class A or Class B felony; and

(c) Has not previously been convicted of a felony or a Class A misdemeanor.

T.C.A. § 40–35–313(a)(1)(B)(i)(a), (b), & (c). When a defendant contends that the trial court committed error in refusing to grant judicial diversion, we must determine whether the trial court abused its discretion by denying the defendant's request for judicial diversion. *State v. Cutshaw*, 967 S.W.2d 332, 344 (Tenn.Crim. App.1997). Judicial diversion is similar to pretrial diversion. However, judicial diversion follows a determination of guilt, and the decision to grant judicial diversion is initiated by the trial court, not the prosecutor. *State v. Anderson*, 857 S.W.2d 571, 572 (Tenn.Crim.App.1992). When a defendant challenges the trial court's denial of judicial diversion, we may not revisit the issue if the record contains any substantial evidence supporting the trial court's decision. *Cutshaw*, 967 S.W.2d at

344; *State v. Parker,* 932 S.W.2d 945, 958 (Tenn.Crim.App.1996).

The criteria that the trial court must consider in determining whether a qualified defendant should be granted judicial diversion are similar to those considered by the prosecutor in determining suitability for pretrial diversion and includes the following: (1) the defendant's amenability to correction; (2) the circumstances of the offense; (3) the defendant's criminal record; (4) the defendant's social history; (5) the defendant's physical and mental health; and (6) the deterrence value to the defendant and others. *Parker,* 932 S.W.2d at 958; *Cutshaw,* 967 S.W.2d at 343–44. An additional consideration is whether judicial diversion will serve the ends of justice, i.e., the interests of the public as well as of the defendant. *See Parker,* 932 S.W.2d at 958; *Cutshaw,* 967 S.W.2d at 344; *State v. Bonestel,* 871 S.W.2d 163, 168 (Tenn.Crim.App.1993), *overruled on other grounds by State v. Hooper,* 29 S.W.3d 1, 9–10 (Tenn.2000).

After hearing the evidence, the trial court concluded that the circumstances of the offense weighed heavily against the grant of diversion but noted that Appellant's clean criminal history weighed in favor of the grant of diversion. The trial court noted that Appellant's amenability to correction was shown by Appellant's actions, namely the fact that Appellant sought treatment for her drug addiction by herself on her own initiative prior to the hearing. Specifically, the trial court acknowledged the "merits of the progress" Appellant had made since her arrest. However, the trial court concluded that the need for deterrence was high because it was a "horrible offense" and that Appellant had abused a position of trust as an employee of the county. The trial court found that deterrence was a "very public issue" and that the grant of judicial diver-

sion would not serve the public interests or the ends of justice. In the end, despite the factors weighing in favor of diversion, the trial court concluded that Appellant had not shown her suitability for judicial diversion. The trial court felt it "clear" that Appellant's case was "not a case where we should exercise our discretion to grant judicial diversion." After reviewing the evidence presented to the trial court at the sentencing hearing, we determine that the trial court considered the necessary factors and that there was "substantial evidence" to support the trial court's denial of judicial diversion. *See Cutshaw,* 967 S.W.2d at 344; *Parker,* 932 S.W.2d at 958. This issue is without merit.

### Conclusion

For the foregoing reasons, the judgments of the trial court are affirmed.