# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### July 24, 2012 Session

## STATE OF TENNESSEE v. SCOT E. VANDERGRIFF

**Appeal from the Criminal Court for Knox County**
**No. 95898     Mary Beth Leibowitz, Judge**

---

**No. E2011-02136-CCA-R3-CD - Filed September 7, 2012**

---

Appellant, Scot E. Vandergriff, pled guilty to soliciting sexual exploitation of a minor by electronic means, a Class E felony, for which he received an agreed-upon sentence of two years. The trial court granted his request for probation but denied his application for judicial diversion. In this appeal, he claims that the trial court erred in denying his application for judicial diversion. Because the trial court failed to adequately state upon the record the basis for denying judicial diversion, we vacate the judgment and remand this matter for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court**
**Vacated and Remanded**

ROGER A. PAGE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

Mark E. Stephens, District Public Defender; Sarah Heath Olesiuk, Assistant Public Defender (on appeal); and Kevin McGee, Assistant Public Defender (at hearing), Knoxville, Tennessee, for the appellant, Scot E. Vandergriff.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; Randall E. Nichols, District Attorney General; and Joanie Stewart, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

I.  Facts and Procedural History

A Knox County grand jury indicted appellant for three counts involving sexual exploitation of a minor by electronic means, one of which is a Class B felony and two of which are Class E felonies, and one count of sexual exploitation of a minor, a Class D felony. *See* Tenn. Code Ann. §§ 39-13-529(e)(1) - (2); 39-17-1003(d) (2010).   The parties agreed that appellant would plead guilty to count two of the indictment, a Class E felony, and the State would dismiss the remaining counts.  The State made the following offer of proof at the guilty plea hearing with regard to the facts underlying the offenses:

> On October 27[th], 2009, Detective Greg Faulkner with the Knox County Sheriff's Office responded to Gibbs High School to meet with Principal Lynn Hill about an incident involving a teacher and a student at the school.  The principal had been alerted to the situation by a parent of the minor child . . . after the parent had viewed texts of a sexual nature on her son's phone.  The principal . . . confronted [appellant,] a teacher's aid[,] . . . about sending inappropriate texts and nude photos back and forth to a student. [Appellant] admitted to the principal that he had sent the photos.  Appellant turned over his phone to authorities and gave consent to search.  The phone . . . contained pictures of male anatomy.  A subsequent forensic examination of the phone showed numerous text messages back and forth from [appellant] to the student, including the transmission of penis photographs. . . .

The trial court accepted appellant's plea and the two-year sentence agreed upon by the parties.  The court scheduled a sentencing hearing to consider appellant's request for probation and judicial diversion.  Following a sentencing hearing, the trial court granted appellant's request for probation but denied his application for judicial diversion.  It is from that decision that appellant now appeals.

II.  Analysis

Pursuant to Tennessee Code Annotated section 40-35-313, a trial court may "defer further proceedings against a qualified defendant and place the defendant on probation upon such reasonable conditions as it may require without entering a judgment of guilty and with the consent of the qualified defendant."  We review the trial court's granting or denial of judicial diversion under an abuse of discretion standard. *State v. Robinson*, 328 S.W.3d 513, 519 (Tenn. Crim. App. 2010) (citing *State v. Cutshaw*, 967 S.W.2d 332, 344 (Tenn. Crim.

App. 1997)). If the record contains any substantial evidence to support the trial court's decision, we will not overturn it. *State v. Nicole Starcher*, No. E2011-02078-CCA-R3-CD, 2012 WL 3133811, at \*2 (Tenn. Crim. App. Aug. 2, 2012) (citing *State v. Parker*, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996)).

A trial court must consider the following factors in determining a "qualified defendant's" suitability for judicial diversion: (1) the defendant's amenability to correction; (2) the circumstances of the offense; (3) the defendant's criminal record; (4) the defendant's social history; (5) the defendant's physical and mental health; and (6) the degree of deterrence to the defendant and others. *Id.* (citations omitted); *Robinson*, 328 S.W.3d at 520 (citations omitted); *see also State v. Lewis*, 978 S.W.2d 558, 566 (Tenn. Crim. App. 1997). The court should also consider whether judicial diversion will serve the ends of justice for both the public and the defendant. *Nicole Starcher*, 2012 WL 3133811, at \*2 (citation omitted); *Robinson*, 328 S.W.3d at 519. The record must reflect that the trial court considered all of the required factors in ruling on an application for judicial diversion. *Nicole Starcher*, 2012 WL 3133811, at \*2 (citing *State v. Electroplating, Inc.,* 990 S.W.2d 211, 229 (Tenn. Crim. App. 1998)). Moreover, "the court must explain on the record why the defendant does not qualify under its analysis, and if the court has based its determination on only some of the factors, it must explain why these factors outweigh the others." *Id.* (citations omitted).

Based on our review, the trial court's ruling in open court suggests that it touched upon some of the determinative factors in denying appellant's application for judicial diversion. However, substantial compliance with the requirements is insufficient to withstand appellate review. The record does not reflect that the trial court considered *all* of the factors in ruling on the application. *See id.* (emphasis added). In denying appellant's application for diversion, the trial court stated, "It's a close call . . . , and I'm going to err on the side of caution in this situation." This statement by the court is not tantamount to explaining its weighing of the necessary factors or why appellant did not qualify for diversion under its analysis. *See id*.

"'Where a trial court fails to consider all of the appropriate factors and its statement of the reasons for denial is vague and conclusory, this court will remand the matter for the trial court's consideration.'" *Id.* at \*3 (quoting *State v. Albert Fitzgerald Turner*, No. W2004-01853-CCA-R3-CD, 2005 WL 1812287, \*4 (Tenn. Crim. App. Aug. 1, 2005)). As this court recently held, "This remedy is particularly appropriate in cases where the record before this court does not contain all of the relevant information. Here the record does not contain the judicial diversion application or the certificate of eligibility." *Id.* (citations omitted). This reasoning applies equally in this case. The technical record on appeal does not include appellant's application for judicial diversion or the certificate of eligibility issued by the Tennessee Bureau of Investigation. *See* Tenn. Code Ann. § 40-35-313(a)(3)(A) (2010) (no

order for judicial diversion may be entered without "a certificate from the Tennessee Bureau of Investigation stating that the defendant does not have a prior felony or Class A misdemeanor conviction"). Accordingly, we reverse and vacate the trial court's judgment and remand this matter for a hearing to properly consider appellant's application for judicial diversion. On remand, the trial court should place on the record its analysis of all of the required factors, its weighing thereof, and the reasons underlying its decision.

## CONCLUSION

Based upon our review of the record and the parties' briefs, we vacate the judgment of the trial court and remand for proceedings consistent with this opinion.

_____
ROGER A. PAGE, JUDGE