# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs November 14, 2013

## STATE OF TENNESSEE v. JODY KYLE BANKS

**Appeal from the Circuit Court for Van Buren County**
**No. 2302M      Larry B. Stanley, Jr., Judge**

**No. M2012-02722-CCA-R3-CD - Filed December 18, 2013**

The defendant, Jody Kyle Banks, pled guilty to driving under the influence of an intoxicant (second offense), a Class A misdemeanor, in violation of Tennessee Code Annotated section 55-10-401(a)(1) (2010). He was sentenced to eleven months and twenty-nine days imprisonment, with fifty days to be served in jail and the remainder of the sentence to be served on probation. In entering his guilty plea, the defendant reserved, pursuant to Tennessee Rule of Criminal Procedure 37(b)(2), a certified question of law challenging the initial stop of his vehicle based on a broken taillight. After a thorough review of the record, we conclude that this case is governed by the Tennessee Supreme Court's decision in *State v. Brotherton*, 323 S.W.3d 866 (Tenn. 2010), and we accordingly affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and CAMILLE R. MCMULLEN, JJ., joined.

Howard L. Upchurch, Pikeville, Tennessee, for the appellant, Jody Kyle Banks.

Robert E. Cooper, Jr., Attorney General & Reporter; Clark B. Thornton, Senior Counsel; Lisa Zavogiannis, District Attorney General; and Darrell R. Julian, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTUAL AND PROCEDURAL HISTORY

This case stems from a traffic stop initiated based on a broken taillight. Although a transcript of the hearing on the motion to suppress is not included in the record, the defendant includes a statement of evidence recounting certain stipulated facts presented to the trial court at that hearing. The defendant was driving a maroon Nissan Maxima down Highway 111 at around 9:13 p.m. on July 16, 2011 when Officer Michael Brock activated his emergency lights and stopped the defendant's vehicle. Officer Brock's sole reason for stopping the defendant was that the defendant's right taillight or brake light had a partially broken red lens.[1] Although the actual bulb was covered by the intact portions of the lens, white light nevertheless emanated from the broken taillight assembly. Officer Brock did not have a warrant or other cause to stop the vehicle.

According to the affidavit of complaint, after stopping the vehicle, Officer Brock noticed the odor of beer and the defendant admitted to having consumed a "Rockstar." After the defendant performed unsatisfactorily on field sobriety tests, he was arrested, and a Breathalyzer test showed that the alcohol concentration in his breath was above the legal limit.

The defendant was indicted for driving under the influence of an intoxicant in violation of Tennessee Code Annotated section 55-10-401(a)(1) and for driving with a blood or breath alcohol concentration of 0.08 percent or greater in violation of Tennessee Code Annotated section 55-10-401(a)(2). The defendant had a previous conviction under this statute in 2006.

The defendant moved to suppress all evidence that resulted from the initial stop of the vehicle. The trial court concluded that Officer Brock had reasonable suspicion to stop the defendant's vehicle in order to examine its tail or brake light, and the court denied the motion.

The defendant ultimately pled guilty to count one and count two was dismissed. In entering his guilty plea, the defendant reserved the following certified question of law:

> Whether the stop of the Nissan Maxima operated by the
> Defendant on July 16, 2011 by Officer Michael Brock of the
> Town of Spencer Police Department on Highway 111 South in
> Spencer, Van Buren County, Tennessee at or near 9:13 o'clock
> p.m., and the subsequent observations, search and seizure of the
> Defendant by Officer Brock, were in violation of the Fourth

---

[1]The stipulated facts state that approximately three-fourths of the light was unbroken, although photographs included on appeal appear to show that the intact portion was less than three-fourths.

Amendment to the Constitution of the United States and/or Section 7, Article I of the Constitution of the State of Tennessee, in that (1) the stop of the Defendant's vehicle was made without an arrest warrant or other process, (2) the stop of the vehicle was based upon a partially broken lens[] on the right tail light/brake light unit that permitted clearly visible white light to emanate from the damaged area no longer shielded by the missing portion of the lens but permitted the remaining section of the lens assembly to be unaffected, and (3) when there were no other exigent circumstances or grounds supporting the stop of the vehicle. In the event the stop violated these Constitutional provisions, all evidence secured by the Officer and his observations would be suppressed and inadmissible.

## ANALYSIS

Under Tennessee Rule of Criminal Procedure 37, an appeal lies from a guilty plea if:

A) the defendant entered into a plea agreement under Rule 11(c) but explicitly reserved – with the consent of the state and of the court – the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:

(i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;

(ii) the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;

(iii) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

(iv) the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive

-3-

of the case.

Tenn. R. Crim. P. 37(b)(2). The defendant entered a guilty plea under Rule 11.[2] The defendant explicitly reserved the right to appeal a dispositive question of law, and the State and the trial court both consented. The judgment incorporates by reference the certified question appended to the judgment sheet; the question clearly identified the scope and limits of the legal issue; the addendum reflects that the question was expressly reserved and that the State and trial court consented; and the judgment reflects that the State, the defendant, and the trial court all agreed that the question was dispositive of the case. A question is dispositive when the appellate court is left with only two choices: affirming the judgment or dismissing the charges. *State v. Robinson*, 328 S.W.3d 513, 518 n.2 (Tenn. Crim. App. 2010). The reviewing court is not bound by the agreement that a question is dispositive but must make an independent determination regarding whether the question is dispositive. *State v. Dailey*, 235 S.W.3d 131, 134-35 (Tenn. 2007). In the case at bar, all evidence supporting the conviction stems from the initial stop of the defendant's vehicle. Accordingly, we conclude that the requirements of Tennessee Rule of Criminal Procedure 37(b)(2) have been met and we review the question presented.

In reviewing a trial court's judgment in a motion to suppress, "[q]uestions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996). The prevailing party is entitled to the strongest legitimate view of the evidence introduced at the hearing and to all reasonable and legitimate inferences to be drawn from that evidence. *State v. Talley*, 307 S.W.3d 723, 729 (Tenn. 2010). A trial court's findings of fact are upheld on appeal unless the evidence preponderates against them. *State v. Carter*, 16 S.W.3d 762, 765 (Tenn. 2000). However, the application of law to the facts is reviewed de novo with no presumption of correctness, and determining whether reasonable suspicion existed to uphold a traffic stop is a mixed question of fact and law. *State v. Garcia*, 123 S.W.3d 335, 342-43 (Tenn. 2003).

The Fourth Amendment to the United States Constitution and article I, section 7 of the Tennessee Constitution prohibit unreasonable searches and seizures. The activation of a police car's emergency lights to stop a vehicle constitutes a seizure. *State v. Pulley*, 863 S.W.2d 29, 30 (Tenn. 1993). A warrantless search is presumed unreasonable unless conducted under one of the narrowly defined exceptions to the requirement. *State v. Binette*, 33 S.W.3d 215, 218 (Tenn. 2000). One such exception is a stop based on either probable cause or reasonable suspicion that a traffic violation has occurred. *State v. Watson*, 354

---

[2]Although the addendum to the judgment recites that the plea was under subsection (e) of Rule 11, this subsection merely requires written records evidencing the plea.

S.W.3d 324, 329 (Tenn. Crim. App. 2011) (citing *Whren v. United States*, 517 U.S. 806, 810 (1996)). The determination of probable cause is a determination of "whether at that moment the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [defendant] had committed or was committing an offense." *State v. Day*, 263 S.W.3d 891, 902 (Tenn. 2008) (quoting *Goines v. State*, 572 S.W.2d 644, 647 (Tenn. 1978)).

Facts which do not rise to probable cause to make an arrest may nevertheless constitute reasonable suspicion to conduct an investigatory stop. *Pulley*, 863 S.W.2d at 31 (noting reasonable suspicion a "lower quantum of proof" than probable cause). Reasonable suspicion is more than an "inchoate and unparticularized suspicion or 'hunch,'"; instead, it must be supported by "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Day*, 263 S.W.3d at 902-03 (quoting *Terry v. Ohio*, 392 U.S. 1, 27, 21 (1968)). In determining the presence of reasonable suspicion, the court must consider the totality of the circumstances, including but not limited to: objective observation; information obtained from other officers or agencies; information obtained from citizens; and the pattern of operation of certain offenders. *State v. Watkins*, 827 S.W.2d 293, 294 (Tenn. 1992). The court should also consider the rational inferences and deductions that a trained police officer may draw from the facts and circumstances known to him or her. *Id.*

Tennessee Code Annotated section 55-9-402 provides:

> (b)(1) Every motor vehicle shall be equipped with two (2) red tail lamps and two (2) red stoplights on the rear of the vehicle …
>
> (2) The stoplight shall be so arranged as to be actuated by the application of the service or foot brake and shall be capable of being seen and distinguished from a distance of one hundred feet (100') to the rear of a motor vehicle in normal daylight, but shall not project a glaring or dazzling light.

T.C.A. § 55-9-402(b). In addition, "[e]ach lamp and stoplight required in this section shall be in good condition and operational." T.C.A. § 55-9-402(c).

In *State v. Brotherton*, 323 S.W.3d 866 (Tenn. 2010), the Tennessee Supreme Court considered whether there was reasonable suspicion to stop a vehicle based on a violation of Tennessee Code Annotated section 55-9-402. In *Brotherton*, the defendant had a broken taillight which he had attempted to repair with red taillight tape, a translucent tape sold for such purpose. *Brotherton*, 323 S.W.3d at 869 & n.3. The tape covered more than half of the

lens, but was weathered and had a hole in it which permitted bright white light to shine through. *Id.*

In *Brotherton*, the Court held that the proper inquiry was whether law enforcement had an articulable and reasonable suspicion that the taillight violated Tennessee Code Annotated section 55-9-402. *Id.* at 871. The Court concluded that there was reasonable suspicion to stop the vehicle because the repair permitted a bright, white light to shine through the tape, and the taillight therefore "did not appear to be in good condition for the purpose of Tenn. Code Ann. § 55-9-402(c)." *Id.* at 871-72. The Court also concluded that the white light provided an articulable and reasonable suspicion that the driver had violated the statute because the taillight was not red as required by Tennessee Code Annotated section 55-9-402(b)(1). *Id.* As a third reason to initiate an investigatory stop, the Court concluded that the officer had reasonable suspicion subsection (b)(2) had been violated because the light coming through the tape was described as "glaring" by the officer. *Id.* The Court's analysis also made reference to *United States v. Johnson*, 242 F.3d 707 (6th Cir. 2001), in which the Sixth Circuit upheld a traffic stop based on a taillight which was missing a piece of the red lens. *Johnson*, 242 F.3d at 710.

We conclude that the case at bar is indistinguishable from *Brotherton*. Under *Brotherton*, Officer Brock had reasonable suspicion to believe that the defendant had violated Tennessee Code Annotated section 55-9-402(b)(1), requiring that the taillight be red, and Tennessee Code Annotated section 55-9-402(c), requiring that the taillight be in good condition. *See Brotherton*, 323 S.W.3d at 871-72. Accordingly, there was no violation of the right against unreasonable searches and seizures.

## CONCLUSION

Because we conclude that law enforcement had a reasonable suspicion that the defendant had violated Tennessee Code Annotated section 55-9-402, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE