IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
July 16, 2014 Session

**STATE OF TENNESSEE v. ALEX HARDIN HUFFSTUTTER**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2011-D-3092     Mark Fishburn, Judge**

**No. M2013-02788-CCA-R3-CD - Filed August 28, 2014**

The appellant, Alex Hardin Huffstutter, entered a plea of nolo contendre to driving under the influence (DUI), reserving the following certified question of law concerning whether Tennessee Code Annotated section 40-35-313 (2007) precludes judicial diversion for a charge of DUI. The State contends that the question presented is not dispositive and, therefore, that this court is without jurisdiction to consider the appeal. Upon review of the record and the parties' briefs, we agree with the State and conclude that the appeal should be dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

Michael D. Noel, Brentwood, Tennessee, for the appellant, Alex Hardin Huffstutter.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Grove Collins, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On October 28, 2011, a Davidson County Grand Jury returned indictment number 2011-D-3092, charging the appellant on count 1 with DUI and on count 2 with DUI, per se. On July 27, 2012, the appellant filed an application for judicial diversion. On April 11, 2013, the trial court filed a memorandum opinion, denying the application. The trial court, citing State v. Vasser, 870 S.W.2d 543 (Tenn. Crim. App. 1993), held that a person convicted of DUI was ineligible for judicial diversion.

Thereafter, on February 2, 2013, the appellant entered a plea of nolo contendre to count 1 in exchange for the dismissal of count 2.  As a condition of his plea, the appellant reserved the following certified question of law: "Does T.C.A. § 40-35-313 (2007)[] exclude driving under the influence of an intoxicant as prohibited by T.C.A. § 55-10-401 as a type of offense for which judicial diversion was not available to [the appellant] who was otherwise qualified for judicial diversion?  (Prior to the July 1, 2011 amendment to the statute)."  The trial court, the appellant, and the State agreed that the certified question was dispositive of the case.  However, on appeal, the State contends that the question is not dispositive.  We agree.

Tennessee Rule of Criminal Procedure 37(b)(2)(A) provides that a certified question may be reserved when:

> (A) the defendant entered into a plea agreement under Rule 11(c) but explicitly reserved-with the consent of the state and of the court-the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:
>
>> (i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;
>>
>> (ii) the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;
>>
>> (iii) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and
>>
>> (iv) the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case.

See also Tenn. R. Crim. P. 37(b)(2)(D); State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988).

As we stated earlier, one of the requirements of properly certifying a question of law is that the defendant, the state, and the trial court agree that the question is dispositive of the case. State v. Dailey, 235 S.W.3d 131, 134 (Tenn. 2007). However, this court "'is not bound by the determination and agreement of the trial court, a defendant, and the State that a certified question of law is dispositive of the case' . . . [and] must make an independent determination that the certified question is dispositive." Id. at 134-35 (quoting State v. Thompson, 131 S.W.3d 923, 925 (Tenn. Crim. App. 2003)). Generally, a "question is dispositive when the appellate court must either affirm the judgment [of conviction] or reverse and dismiss [the charges]." Dailey, 235 S.W.3d at 134 (internal quotations and citations omitted). "If the appellate court does not agree that the certified question is dispositive, appellate review should be denied." Preston, 759 S.W.2d at 651.

The State argues that even if an offender convicted of DUI were *eligible* for judicial diversion, it does not necessarily follow that the appellant is *entitled* to diversion; therefore, the question before us is not dispositive. We agree. Regarding pretrial diversion, this court has previously stated:

> We cannot see how the propriety of the denial of pretrial diversion can ever be the subject of a reserved dispositive certified question. In order to be dispositive[,] resolution of the certified question presented must leave the appellate court with the sole choice of either affirming the trial court or reversing and dismissing the case. In the case of the denial of pretrial diversion, resolution of the appeal in favor of the defendant would not result in dismissal of the case, but rather with the defendant's being placed on diversion.

State v. Robinson, 328 S.W.3d 513, 518 n.2 (Tenn. Crim. App. 2010) (citation omitted). Likewise, we conclude that the denial of judicial diversion is not dispositive of the case. See State v. Cutshaw, 967 S.W.2d 332, 343 (Tenn. Crim. App. 1997) ("Tennessee courts have recognized the similarities between judicial diversion and pretrial diversion and, thus, have drawn heavily from the case law governing pretrial diversion to analyze cases involving judicial diversion.").

In the instant case, the trial court ruled that the appellant was not entitled to diversion because he had been convicted of DUI, which precluded eligibility for judicial diversion. Accordingly, the trial court did not examine the appellant's qualifications for judicial diversion. Regardless, if this court were to decide that the appellant, as a DUI offender, was eligible for judicial diversion, the result would be for us to remand to the trial court for a determination of the appellant's qualifications for diversion. This court has previously

explained, "'An issue is dispositive when this court must either affirm the judgment or reverse and dismiss. An issue is never dispositive when we might reverse and remand." State v. Oliver, 30 S.W.3d 363, 364 (Tenn. Crim. App. 2000) (quoting State v. Wilkes, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984)).

Therefore, because the question of law is not dispositive of the case, the appeal is dismissed.

_____
NORMA McGEE OGLE, JUDGE