IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
January 8, 2020 Session

FILED

04/13/2020

Clerk of the
Appellate Courts

## STATE OF TENNESSEE v. WILLIAM J. WAGNER AKA WILLIAM JUSTIN WAGNER

**Appeal from the Criminal Court for Shelby County**
**No. 18-02328          J. Robert Carter, Jr., Judge**

_____

### No. W2019-00745-CCA-R3-CD

_____

The Appellant, William J. Wagner, pled guilty in the Shelby County Criminal Court to driving under the influence (DUI), third offense, and reserved a certified question of law concerning whether the State had jurisdiction to prosecute him for the offense because the offense was committed on federal property. Based upon the oral arguments, the record, and the parties' briefs, we conclude that the certified question is not dispositive of the case. Therefore, this court is without jurisdiction to consider the appeal, and the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and THOMAS T. WOODALL, J., joined.

Thomas E. Hansom, Memphis, Tennessee, for the appellant, William J. Wagner.

Herbert H. Slatery III, Attorney General and Reporter; Samantha L. Simpson, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Samuel David Winnig, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I. Factual Background

On May 31, 2017, an officer with the Millington Police Department (MPD) arrested the Appellant at the gate of the Millington Naval Air Station. In April 2018, the Shelby County Grand Jury indicted him for DUI, third offense; DUI per se; and driving on a revoked license, second offense. The Appellant filed a motion to dismiss the indictment, asserting that the State of Tennessee lacked jurisdiction to prosecute him

because the alleged crimes were committed on federal property. The State filed a response to the motion, arguing that the trial court should dismiss the motion without an evidentiary hearing because the Appellant failed to show that the federal government had exclusive jurisdiction over the location of the offenses and that, in any event, the Appellant's crime of DUI was a continuing offense that began in the trial court's jurisdiction.

On September 25, 2018, the trial court held a hearing on the motion. During the hearing, Officer Nicholes McCarroll testified for the State that in May 2017, he was a patrol officer with the MPD. On May 31, 2017, Officer McCarroll responded to a call for a "suspected DUI intoxicated party." He described the location of the call as "[o]n the south side of the entrance of the Naval Base which is off of Singleton [Parkway] going southbound of the City. You can enter it northbound on Singleton." He explained that in order to get to the location, he "drove through the City limits pretty much going around Raleigh Millington 385. 385 is Singleton which is still inside the Millington City limits."

Officer McCarroll testified that when he arrived at the scene, he saw the Appellant "[s]outh of the gate on Singleton." Officer McCarroll acknowledged that the gate was the entrance to the Naval Station and that "[s]outh of the gate would be before the entrance." Naval police had detained the Appellant, and he was sitting on the curb outside his vehicle. Officer McCarroll spoke with the Naval officer at the gate and then spoke with the Appellant. He asked if the Appellant had been drinking, and the Appellant responded that "he had a couple of beers and that he came down to the Naval Base." Officer McCarroll said the Appellant's statement "let me know that he had to be the person in control of the vehicle." The Appellant refused to take field sobriety tests, so Officer McCarroll arrested him and read Miranda warnings to him.

Officer McCarroll testified that the Appellant smelled of alcohol, that his eyes were bloodshot and watery, that his speech was slurred, and that he was unsteady on his feet. The officer saw beer cans and a bottle of what appeared to be vodka inside the vehicle. He stated that one of the beer cans was cold-to-the-touch but was open and empty, "which let us know that it had been recently opened," and that the vodka bottle was "three fourths consumed." Officer McCarroll checked the Appellant's driver's license and learned the Appellant had a restricted license. Officer McCarroll said the Appellant was driving outside the restrictions.

On cross-examination, Officer McCarroll testified that it took him about seven minutes to arrive at the scene and that he did not know how long the Appellant had been there. He did not read Miranda warnings to the Appellant prior to asking if the Appellant had been drinking. Defense counsel asked Officer McCarroll to describe "the City limits at Singleton Parkway at that entrance," and the officer answered, "Everything up beyond

the base. You also have to remember that we have a mutual aid agreement with the Naval Base which gives us access." Officer McCarroll said that it was his "understanding" the city limits went to the gate of the Naval Base but that he did not know "a specific longitude, latitude."

Jason Dixon testified for the Appellant that he worked part time for the City of Millington as the City Engineer and Director of Planning Economic Development. He acknowledged that a person had to "clear" a gate or guard shack in order to access the Naval Base and that the guard shack was on Naval property. He also acknowledged that the Naval Base property line was south of the gate. Defense counsel asked Dixon if a car stopped at the gate would be on federal property or in the Millington city limits, and Dixon answered, "[I]t's within the City limit boundary but based on looking at the tax assessor site it is on the Navy parcel." He then acknowledged that the guard shack was "well within" federal property and that the line for the Millington city limits was at least fifteen hundred feet from the guard shack. On cross-examination, Dixon acknowledged that a vehicle had to travel through Millington in order to get to the gate.

At the conclusion of the hearing, the State reiterated that DUI was a continuing offense and, therefore, that the trial court should deny the Appellant's motion to dismiss the indictment because "it would have been impossible for this offense to have occurred outside of Millington." The trial court found that the City of Millington had "concurrent jurisdiction, if not exclusive jurisdiction" to arrest the Appellant. In reaching its decision, the trial court stated that it was persuaded by Tennessee Rule of Criminal Procedure 18(c), which provides that "[o]ffenses committed on the boundary of two (2) or more counties may be prosecuted in either county." The trial court also noted that "someone [at] the gate apparently felt it wasn't a Federal problem because they called the Millington police, and I think that's a logical inference." Accordingly, the trial court denied the Appellant's motion to dismiss the indictment.

The Appellant pled guilty to DUI, third offense, a Class A misdemeanor, and received a sentence of eleven months, twenty-nine days to be served as one hundred fifty days in jail followed by two years of supervised probation. Pursuant to the plea agreement, he reserved the following certified question of law:

> Whether the State of Tennessee established by competent evidence the existence of jurisdiction of the State of Tennessee over the Defendant and his conduct when he was detained/arrested on Federal Property, to wit: the United States Naval Training Center, located in Millington, Shelby County, Tennessee by Federal Officers and where City of Millington police officers subsequently took custody and charged the Defendant pursuant to state law; and where Defendant proved the location was on Federal Property and the

State failed to provide proof of any jurisdictional exceptions to the exclusive jurisdiction of the United States.

## II. Analysis

Although the State consented to the reservation of the certified question for appeal and agreed that the issue was dispositive of the case, the State now claims that the certified question does not comport with the requirements of State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988). Tennessee Rule of Criminal Procedure 37(b)(2)(A) provides that an appellant may appeal from any judgment of conviction occurring as a result of a guilty plea if the following requirements are met:

> (i)  the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;
>
> (ii)  the question as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;
>
> (iii)  the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and
>
> (iv)  the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

In Preston, our supreme court explicitly provided prerequisites to appellate consideration of a certified question of law under Rule 37(b)(2). The court stated:

> Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved.

Id. at 650. This court "'is not bound by the determination and agreement of the trial court, a defendant, and the State that a certified question of law is dispositive of the

- 4 -

case.'"  State v. Dailey, 235 S.W.3d 131, 134-35 (Tenn. 2007) (quoting State v. Thompson, 131 S.W.3d 923, 925 (Tenn. Crim. App. 2003)).  Instead, this court "must make an independent determination that the certified question is dispositive."  Id. at 135.

In the instant case, the State argues that the Appellant's certified question is overly-broad and fails to identify clearly the scope and limits of his legal issue.  For example, the State notes that the Appellant's question does not specify whether he is challenging territorial, subject matter, or personal jurisdiction.

The Appellant reserved the certified question pursuant to an order filed by the trial court.  The order set out a brief recitation of the facts and the Appellant's argument; stated the certified question; provided that the certified question was expressly reserved with the consent of the State and the trial court; and provided that the Appellant, the State, and the trial court were of the opinion that the issue was dispositive of the case.  We do not think that the question is overly-broad or that it fails to identify the scope and limits of the legal issue.

Nevertheless, we do not think the issue is dispositive of the case.  "A question is dispositive when the appellate court is left with only two choices:  affirming the judgment or dismissing the charges."  State v. Jody Kyle Banks, No. M2012-02722-CCA-R3-CD, 2013 WL 6706140, at *2 (Tenn. Crim. App. at Nashville, Dec. 18, 2013) (citing State v. Robinson, 328 S.W.3d 513, 518 n.2 (Tenn. Crim. App. 2010)).  The DUI statute provides that "[i]t is unlawful for any person to drive or to be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state . . . while . . . [u]nder the influence of an intoxicant[.]  Tenn. Code Ann. § 55-10-401(1).  Moreover, the State is correct in that DUI is a continuing offense.  State v. Rhodes, 917 S.W.2d 708, 713 (Tenn. Crim. App. 1995).  Tennessee Code Annotated section 39-11-103(c) provides, "When the commission of an offense commenced within this state is consummated outside its boundaries, the offender is liable to punishment in this state in the county where the offense was commenced."  See also Tenn. R. Crim. P. 18(d)(1) (providing that "offenses committed wholly or in part outside this state, under circumstances that give this state jurisdiction to prosecute the offender, may be prosecuted in any county in which an element of the offense occurs").  As this court has explained,

> The word "commence" is defined as follows:  "[t]o initiate by performing the first act or step.  To begin, institute or start."  Black's Law Dictionary 268 (6th ed. 1990).  In the context of a criminal offense, a perpetrator commences a crime when he or she completes at least one of the elements which constitute the crime.

- 5 -

State v. Gerald L. Powers, No. W1999-02348-CCA-R3-DD, 2001 WL 1150312, at *13 (Tenn. Crim. App. at Jackson, Sept. 28, 2001).

Here, even if the Appellant committed DUI on federal property and was arrested on federal property, he commenced driving under the influence in Millington. Accordingly, the State had jurisdiction to prosecute him for the crime, and he is not entitled to relief.

### III.  Conclusion

Based upon the oral arguments, the record, and the parties' briefs, we conclude that the certified question is not dispositive of the case.  Therefore, the question of law is not properly before this court, and we dismiss the appeal for lack of jurisdiction.

_____
NORMA MCGEE OGLE, JUDGE