# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
June 5, 2007 Session

## STATE OF TENNESSEE v. KENNETH C. DAILEY, III

**Appeal by Permission from the Court of Criminal Appeals**
**Davidson County Criminal Court**
**No. 2004-B-1779     Steve Dozier, Judge**

---

**No. M2005-01223-SC-R11-CD - Filed on August 20, 2007**

---

The Defendant, Kenneth C. Dailey, III, pleaded guilty to second degree murder and reserved a certified question of law regarding the admissibility of his statements of confession to the crime. Disagreeing with the trial court, the prosecutor, and the defense that the question was dispositive of the case, the Court of Criminal Appeals dismissed the appeal. We hold that, on the record before us, the certified question is dispositive of the case. Accordingly, we reverse and remand this matter to the Court of Criminal Appeals for its review of the certified question on its merits.

**Tenn. R. App. P. 11; Judgment of the Court of Criminal Appeals Reversed, Remanded to the Court of Criminal Appeals**

CORNELIA A. CLARK, J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., and JANICE M. HOLDER and GARY R. WADE, JJ., joined.

J. Carlton Drumwright, Brentwood, Tennessee, for the appellant, Kenneth C. Dailey, III.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael E. Moore, Solicitor General; Preston Shipp, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Pamela Sue Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS AND PROCEDURAL HISTORY

Metro Nashville police officer Mike Roland testified that, in April 2004, a woman's severely decomposed body was found in an abandoned vehicle at Tommy's Wrecker Service in Davidson County. A piece of rope was wrapped around the woman's neck. The body was transported to the Medical Examiner's Office for examination and was identified to be that of Nancy Marie Lyons.

In an attempt to discover information about the victim, Officer Roland interviewed several of the wrecker service's employees. In conjunction with the investigation, all of the employees were asked to submit "elimination [finger]prints."

The Defendant, Kenneth C. Dailey, III, was one of the employees interviewed and fingerprinted by the police. Although they had no forensic or other evidence linking the Defendant to the body, the police, based upon "gut feelings and instincts," subsequently decided that they wished to interview him further. Officer Roland asked the son of the owner of Tommy's Wrecker Service to tell the Defendant that the police needed to retake his fingerprints.

Officer Roland admitted that the real reason for requesting the Defendant to come down to the police station was to interview him and that a second fingerprinting was unnecessary. Officer Roland also testified that, at the time the Defendant reported for his second meeting with the police, they did not have probable cause to arrest him. Indeed, Officer Roland stated that he "had no evidence to arrest [the Defendant] on" and that he "had nothing on him." The decision to ask for new prints was made because the officer "didn't wanna scare him."

At the appointed time, the Defendant drove to the station and parked across the street. When the Defendant entered the police station, Officer Roland met him in the front lobby and escorted him back to an interview room in the Criminal Investigations Division area, which is in the controlled-access portion of the facility. Officer Roland asked the Defendant to take a seat and then left to retrieve his paperwork. Officer Roland testified that the Defendant was not in custody at this time and was not handcuffed; while he was gone, Officer Roland left the interview room door open and unguarded. When Officer Roland returned to the interview room, he was accompanied by Sergeant Pat Postiglione.

Officer Roland and Sgt. Postiglione proceeded to interview the Defendant. Eventually, the Defendant confessed to having killed the victim after having had consensual sex with her. At that point, Officer Roland advised the Defendant for the first time of his constitutional rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966). After being advised of his rights, the Defendant signed a waiver of rights form and gave a second statement in which he again confessed to the killing.

The Defendant was charged with first degree premeditated murder. He filed a motion to suppress his statements on the basis that he had been subjected to a custodial interrogation without the requisite Miranda warnings. After a hearing, the trial court denied the Defendant's motion. The Defendant subsequently entered a guilty plea to second degree murder but reserved for appeal a certified question of law regarding the admissibility of his statements. During the plea hearing, the trial court asked the prosecutor if it was "the State's position that, absent these statements from [the Defendant] to the police, that the State could not proceed?" The prosecutor responded, "Yes, Your Honor, it is dispositive. Our proof is timed [sic] with the – his statement. That – we would, however, not limit ourselves, should further evidence be developed at a later time. But, as the evidence stands at this time, Your Honor, it would be dispositive and we would not be able to proceed."

The trial court, the prosecutor, and the Defendant agreed that, in conjunction with the Defendant's guilty plea, the Defendant was reserving a certified question of law that was dispositive of the case. To that end, the judgment of conviction contains the following "special condition":

> Defendant's plea of guilty is pursuant to Rule 37 such that he has expressly reserved a certified question for appeal as set out in the attached Agreed Order. The Agreed Order is expressly made part of the Judgment in this case and is to be entered simultaneously with that Judgment. The parties agree and the Court affirms that the certified question set out in the agreed order is expressly reserved as part of the plea agreement and all parties consent to this reservation. Further, all parties agree that this question is dispositive of the case.

The referenced Agreed Order sets forth the following as the certified question of law:

> Whether the Defendant was subjected to a custodial interrogation by Metro Police Detectives on or about May 4, 2004 such that his subsequent statements were taken in violation of his rights pursuant to Article 1, Section Nine of the Tennessee Constitution, the Fifth Amendment of the United States Constitution and the Due Process Clause of the Fourteenth Amendment of the United States Constitution. The Defendant gave two statements to detectives on May 4, 2004. No *Miranda* warnings were given by the detectives prior to the first statement given by Defendant. It is the Defendant's position that this was a custodial interrogation thereby requiring *Miranda* warnings. Immediately following Defendant's first statement, *Miranda* warnings were given by the detectives and the Defendant gave a second statement. It is the Defendant's position that this second statement was obtained by the detectives using interrogation techniques expressly rejected by the United States Supreme Court in *Missouri v. Seibert*, 124 S.Ct. 2601, 159 L.Ed.2d 643 (2004). Testimony was given by Detective Mike Roland that the State's proof of Defendant's guilt consists entirely of the statements he gave on May 4, 2004 thereby making this question dispositive of the case.

> The parties agree and the Court affirms that the certified question set out above is expressly reserved as part of the plea agreement and that all parties consent to this reservation. Further, all parties agree that this question is dispositive of the case.

The Court of Criminal Appeals dismissed the appeal on the grounds that the record "does not demonstrate that the certified question is dispositive of the case." The intermediate appellate court opined that the record "lacks the requisite explanation as to how the [D]efendant's confession is dispositive of this case." The court queried, "What investigation was done as relates to this murder case? What other evidence might the State have that would link this defendant to this murder? What is the District Attorney's explanation as to why the State cannot proceed without the defendant's confession?" The court was of the further opinion that, since the victim's body had been

-3-

examined by the medical examiner's office, "presumably, samples were taken or could be taken that could confirm the recent sex act between the defendant and the victim without need of the defendant's confession. Other forensic and circumstantial evidence may be available to the prosecution connecting the defendant to this murder."[1]

The Defendant sought an appeal to this Court, which we granted. The State continues to assert that the certified question is dispositive of the case. We hold that the Court of Criminal Appeals erred in dismissing the appeal on the basis that the certified question is not dispositive of the case. Accordingly, we reverse and remand this matter to the Court of Criminal Appeals for further proceedings consistent with this opinion.

## ANALYSIS

Tennessee Rule of Criminal Procedure 37(b)(2) provides that a defendant may enter into a guilty plea but reserve for appeal "a certified question of law that is dispositive of the case" if certain requirements are met. See Tenn. R. Crim. P. 37(b)(2)(A)(i–iv); State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988). One of the requirements is that "the defendant, the state, and the trial court are of the opinion that the certified question of law is dispositive of the case." Tenn. R. Crim. P. 37(b)(2)(A)(iv). The question is dispositive "when the appellate court 'must either affirm the judgment [of conviction] or reverse and dismiss [the charges].'" State v. Walton, 41 S.W.3d 75, 96 (Tenn. 2001) (quoting State v. Wilkes, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984)).

The appellate court, however, "is not bound by the determination and agreement of the trial court, a defendant, and the State that a certified question of law is dispositive of the case." State v. Thompson, 131 S.W.3d 923, 925 (Tenn. Crim. App. 2003). Rather, the reviewing court must make an independent determination that the certified question is dispositive. Preston, 759 S.W.2d at 651 (citing State v. Jennette, 706 S.W.2d 614, 615 (Tenn. 1986)). The issue in this case is whether "*the record on appeal* demonstrates how [the certified] question is dispositive of the case." Id. (emphasis added).

The record on appeal in this case consists of the transcript of the hearing before the trial court on the Defendant's motion to suppress, including as an exhibit thereto a videotape of the Defendant's interview by the police, and the transcript of the Defendant's guilty plea. No other proof is contained in the record before us.

We disagree with the intermediate appellate court that this record "lacks the requisite explanation as to how the [D]efendant's confession is dispositive." Officer Roland testified at the suppression hearing that, prior to the Defendant's confession, the police had "no evidence" connecting the Defendant to the killing. The prosecutor stated plainly at the Defendant's plea

---

[1]We note that the Defendant entered his guilty plea on May 5, 2005, over one year after the victim's body was discovered. If any forensic evidence had been available to link the Defendant to the killing, certainly the State should have been aware of it by then.

hearing that the prosecution could not proceed absent the Defendant's confession. The Court of Criminal Appeals' second-guessing of the State's investigation into this case, under these circumstances, was in error. An appellate court's duty is to determine whether the certified question is dispositive *on the record before it.* See State v. Smotherman, 201 S.W.3d 657, 660 (Tenn. 2006) (emphasizing that, in considering a certified question, "[t]he appellate record provides the boundaries of an appellate court's review"). It is not the appellate court's duty to question why the record does not contain other evidence or to assume oversight of the underlying criminal investigation.

We recognize that numerous attempts to appeal certified questions have been unsuccessful on the basis that the question was determined by the appellate courts not to have been dispositive. For instance, in Walton, the defendant pleaded guilty to aggravated burglary and burglary but reserved a certified question regarding the admissibility of his incriminating statements to the police. 41 S.W.3d at 80. This Court determined the question to be non-dispositive because other incriminating evidence existed in the record. Id. at 96; see also State v. Hendrix, 782 S.W.2d 833, 837 (Tenn. 1989) (finding certified question regarding seizure of controlled substances not dispositive "in view of the undisputed evidence of other undisclosed incriminating evidence in the record"); State v. Brown, M2004-02101-CCA-R3-CD, 2005 WL 2139815, at *5 (Tenn. Crim. App. Aug. 30, 2005) (holding certified question regarding the validity of a search warrant not dispositive of the case because the State had incriminating evidence obtained other than via the challenged warrant); State v. Bufford, No. M2004-00536-CCA-R3-CD, 2005 WL 1521779, at *4 (Tenn. Crim. App. June 24, 2005) (holding that certified question was not dispositive because the State had incriminating evidence in addition to the defendant's statements made after allegedly unlawful arrest); State v. Ledford, No. E2002-01660-CCA-R3-CD, 2003 WL 21221280, at *4 (Tenn. Crim. App. May 22, 2003) (holding that whether the strong odor of ammonia emanating from the defendant's residence supported probable cause for a search warrant was not dispositive of the defendant's case where there was other evidence to support the warrant); State v. Kennedy, No. W2001-03107-CCA-R3-CD, 2003 WL 402798, at *3-4 (Tenn. Crim. App. Feb. 21, 2003) (holding that the validity of a consent search was not dispositive of the case where the victim could also testify to the defendant's possession of his property); State v. Gambrell, Sr., No. 01C01-9603-CR-00123, 1997 WL 230199, at *3 (Tenn. Crim. App. May 7, 1997) (holding that the admissibility of the defendant's confession was not dispositive of the case because the victim was available to testify). In each of these cases, the certified question was determined to be not dispositive because the record before the appellate court demonstrated that the prosecution had evidence not challenged by the certified question that could be used to prosecute the defendant.

In this case, the State represented to the trial court that it had no evidence upon which to proceed other than the Defendant's confession. There is nothing in the record contradictory to the State's representation. That the victim's body was examined by the medical examiner does not automatically guarantee the discovery or recovery of admissible, incriminating evidence. On the record before us, the Defendant's statements of confession are the only proof available to the State with which to prosecute the Defendant. The admissibility of those statements is therefore dispositive of this case and the certified question is properly before the appellate court. See State v. Payne, 149 S.W.3d 20, 24 (Tenn. 2004) (addressing merits of certified question regarding admissibility of

defendant's statement where the prosecutor "acknowledged that without the defendant's statement the prosecution would be unable to prove a 'prima facie case'").

## CONCLUSION

We hold that the Court of Criminal Appeals erred in dismissing the appeal of the certified question of law reserved in conjunction with the Defendant's guilty plea. We accordingly reverse the judgment of the Court of Criminal Appeals and remand this appeal to the Court of Criminal Appeals for its consideration of the merits of the certified question.

The costs of this cause are taxed to the State of Tennessee.

_____
CORNELIA A. CLARK, JUSTICE