# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### August 4, 2015 Session

## STATE OF TENNESSEE v. JOHN A. SNIDER

**Appeal from the Circuit Court for Madison County**
**No. 13-473    Donald H. Allen, Judge**

**No. W2014-01848-CCA-R3-CD  -  Filed August 25, 2015**

The Defendant, John A. Snider, pleaded guilty in the Circuit Court for Madison County to three counts of possession of a controlled substance with the intent to sell, simple possession of a controlled substance, possession of synthetic cannabinoid, and possession of drug paraphernalia. *See* T.C.A. §§ 39-17-417 (Supp. 2012) (amended 2014) (possession of psilocybin, marijuana, diazepam, alprazolam with intent to sell), 39-17-418 (2010) (amended 2014) (simple possession of oxycodone), 39-17-425 (2014) (possession of drug paraphernalia), 39-17-438 (Supp. 2012) (amended 2013, 2014, 2015) (possession of synthetic cannabinoids). The trial court sentenced the Defendant to an effective ten years, ordered him to serve eleven months, twenty-nine days in confinement, and ordered him to serve the remainder on community corrections. On appeal, the Defendant presents a certified question of law regarding the legality of the warrantless entry into the Defendant's home and the seizure of the Defendant from his doorway. We dismiss the appeal because the certified question is not dispositive of the case.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and ROGER A. PAGE, JJ. joined.

Lee R. Sparks (on appeal), Jerry M. Mosier (at the guilty plea hearing), and David Camp (at the suppression hearing), Jackson, Tennessee, for the appellant, John A. Snider.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; James G. Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This case relates to a "knock and talk" encounter at the Defendant's home on January 9, 2013, and to the seizure of the Defendant from his doorway by an officer. The Defendant was detained and held in an officer's vehicle while a search warrant for his home was obtained. After the search warrant was executed, the Defendant was arrested for multiple drug-related offenses. The Defendant filed a motion to suppress the evidence obtained during the search, alleging that the search was tainted by the officer's prior unlawful warrantless entry into the Defendant's home and by the unlawful detention of the Defendant.

At the suppression hearing, Madison County Sheriff's Office Investigator Tikal Greer testified that on January 9, 2013, he and other officers went to the Defendant's home after receiving two anonymous tips from Crime Stoppers that the Defendant was growing marijuana. Officer Greer arrived at the Defendant's home around 6:25 p.m. without a warrant to conduct a knock and talk.

Officer Greer testified that he and another officer went to the front door and knocked several times. He heard music coming from inside the house. He said the Defendant opened the door "[p]robably shoulder width." Officer Greer said that he immediately smelled the odor of marijuana once the door was opened. He said that he had worked in the narcotics division for five years and that he had smelled marijuana numerous times. The officers explained to the Defendant why they were there, and the Defendant told the officers that he would not consent to a search of his home. Officer Greer said they told the Defendant that they were not asking for his consent to search his home. Officer Greer said that the Defendant attempted to close the door and that Officer Greer "got [the Defendant] out" and detained him to prevent the Defendant from destroying the marijuana Officer Greer suspected was inside the home. Officer Greer left the scene to obtain a search warrant.

Officer Greer returned with the warrant and the home was searched. He said that officers found 6.2 pounds of marijuana and seventy-three jars of fermented psilocybin mushrooms. In four or five of the jars, the mushrooms were growing. The police also found equipment for cultivating marijuana and mushrooms, six ounces of "hashite," 2.5 ounces of synthetic cannabinoids, 169 pills of assorted controlled substances, and approximately $2000 in cash.

On cross-examination, Officer Greer testified that he received the first anonymous tip regarding the Defendant around December 18, 2012. The officers began driving past the Defendant's home twice daily and also conducted nighttime surveillance. Officer

Greer said the surveillance was unproductive. He said that the officers discussed a "trash pull" but that they decided to conduct a knock and talk instead. The officers did not conduct regular surveillance between Christmas and New Year's.

Officer Greer testified that he received the second anonymous tip on January 3, 2013. Surveillance resumed, but no unlawful activity was observed. Officer Greer stated that he was not frustrated or irritated at the lack of suspicious activity at the Defendant's home and agreed that he had no specific reason to conduct the knock and talk on January 3.

Officer Greer agreed that a weather report from the day of the search showed temperatures in the low 50's with rain and 5.8 to 6.9 m.p.h. wind speeds. He said he smelled the marijuana despite the weather.

Officer Greer testified that he knocked for two or three minutes before the Defendant opened the door. Officer Greer agreed music was playing inside the home and said it was possible the Defendant did not hear the initial knock.

Officer Greer testified that he placed his foot inside the front door to "grab" the Defendant and to ensure the Defendant did not close the door. He said the Defendant was standing at the door. Officer Greer said that it took about two hours to obtain the search warrant and return and that the other officers reported no one entered or left the home while he obtained the warrant.

Officer Greer testified that the raw marijuana he smelled initially was found in the Defendant's bedroom, ten to fifteen feet from the front door. The Defendant's bedroom door was open when officers entered. Marijuana was found in plastic containers, in jars, and loose on the bedroom dresser.

On redirect examination, Officer Greer testified that he was approximately two feet from the front door when the Defendant opened it, that he leaned in closer to smell, and that the home smelled of raw marijuana.

The trial court denied the Defendant's motion to suppress. The court reviewed the search warrant and credited Officer Greer's testimony. The court stated that an officer "has a right to detain someone who the officer believes is attempting to perhaps destroy evidence." The court found that Officer Greer's testimony supported a conclusion that the marijuana would have been destroyed if the Defendant had closed the door. The court noted that the detention was brief and concluded that based on the totality of the

circumstances, the officers did not violate the Defendant's rights. The court stated that the officers had a right to approach the Defendant's home. The court also stated,

> They approached the residence and smelled marijuana coming from inside . . . it would appear that there's quite a bit of carpeting . . . fabric and material of that nature would absorb the odor of marijuana and it would be apparent, so I credit the testimony when the officer said he could smell marijuana[.]

After the suppression hearing, the Defendant pleaded guilty on all counts, and pursuant to his plea agreement reserved one certified question for appeal:

> Whether the warrantless entry and subsequent search of the Defendant's home by officers . . . on or about January 9, 2013, violated the defendant's rights granted pursuant to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 7, 8, and 9 of the Tennessee Constitution and whether any evidence obtained as a result of said search should be suppressed as the fruits of an unconstitutional search in that:
>
>   a. The original forcible entry and detention of the Defendant was made without a warrant and without the consent of the defendant,
>
>   b. There were no exigent circumstances present to justify the original warrantless entry and search [the Court having found that exigent circumstances existed because of the strong odor of marijuana coming from inside the Defendant's residence which was detected by the officers as they stood just outside the front door of the defendant's residence], and
>
>   c. The consensual nature of the knock and talk procedure was effectively nullified by the action of the officers, resulting in the Defendant's unlawful detention and ultimate unlawful search [the Court having found that the Defendant attempted to close the front door of his residence which caused the officers to enter the residence to prevent possible destruction of evidence of drug activity].

Tennessee Criminal Procedure Rule 37(b)(2)(A) provides that an appeal can be taken from a plea of guilty if the Defendant enters into a plea agreement and explicitly reserves with the consent of the State and the trial court a certified question of law that is dispositive of the case. *See* Tenn. R. Crim. App. 37(b)(2)(A)(i)-(iv); *State v. Armstrong*, 126 S.W.3d 908 (Tenn. 2003). "An issue is dispositive when this court must either affirm the judgment or reverse and dismiss. An issue is never dispositive when we might reverse and remand[.]" *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984). Furthermore, the fact that the defendant, the State, and the trial judge have agreed the issue is dispositive does not bind this court. *State v. Preston*, 759 S.W.2d 647, 651 (Tenn. 1988). "[T]he appellate courts must . . . determine if the record on appeal demonstrates how that question is dispositive of the case . . . If the appellate court does not agree that the certified question is dispositive, appellate review should be denied." *Id*. (citing *State v. Jennette*, 706 S.W.2d 614, 615 (Tenn. 1986)); *see State v. Dailey*, 235 S.W.3d 131, 134-5 (Tenn. 2007).

The record reflects that the trial court confirmed the dispositive nature of the certified question in an order and the judgments. It appears that the court and the parties assumed that the initial entrance and seizure and detention of the Defendant affected the validity of the search warrant. However, even if the investigator detained the Defendant in a manner that exceeded constitutional limits, we conclude that the search warrant remained valid.

The search warrant was based on the anonymous tips and the smell of marijuana, all of which were known before the officer placed his foot inside the residence and physically seized the Defendant.[1] A neutral and detached magistrate determined that the anonymous tips, as corroborated by Officer Greer's observations, gave rise to probable cause that the house contained marijuana. This court treats that determination with deference. *See Illinois v. Gates*, 462 U.S. 213, 236 (1983), *State v. Jacumin*, 778 S.W.2d 430, 431 (Tenn. 1989). Furthermore, the police obtained no information or evidence to secure the warrant as a result of seizing and detaining the Defendant before execution of the search warrant. Because the legality of the initial detention does not affect the admissibility of the evidence obtained pursuant to the search warrant, the certified question is not dispositive. The Defendant is not entitled to relief.

---

[1] At oral argument, defense counsel raised for the first time whether the Defendant was seized before opening the door due to the authoritative nature of the knocking, which affected the validity of the warrant. Issues which are raised for the first time on appeal will be treated as waived. *See* Tenn. R. App. P. 36(a); *State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996).

In consideration of the foregoing and the record as a whole, we conclude that the certified question is not dispositive of the case. As a result, we lack jurisdiction and dismiss the appeal.

_____
ROBERT H. MONTGOMERY, JR., JUDGE