# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### November 17, 2015 Session

## STATE OF TENNESSEE v. ANNE ELIZABETH CUSHING

**Appeal from the Criminal Court for Hamilton County**
**No. 288230     Don W. Poole, Judge**

_____

**No. E2015-00462-CCA-R3-CD – Filed March 18, 2016**

_____

On appeal, the defendant, Anne Elizabeth Cushing, has presented a certified question of law for our review.  Following the denial of her motion to suppress, the defendant entered a guilty plea to one count of driving under the influence ("DUI") but reserved a certified question.  In the question, she challenges the denial of the motion to suppress because, according to the defendant, the results of the field sobriety tests should be inadmissible because she was entitled to be *Mirandized* when she was placed in the backseat of the police officer's patrol car while he conducted an investigation at the accident scene.  She contends she was not free to leave and that, as such, the right to *Miranda* warnings had attached.  Following our review of the record, we conclude that the question, as presented, is not dispositive of the case.  Accordingly, we must dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ROBERT H. MONTGOMERY, JR., J., joined; ROGER A. PAGE, J., not participating.

Samuel Lewis (on appeal) and Lee Davis (at trial), Chattanooga, Tennessee, for the Appellant, Anne Elizabeth Cushing.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; Neal Pinkston, District Attorney General; and Bates Bryan, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

## Factual Background and Procedural History

Following a single-car accident, the defendant was charged with DUI and violation of the implied consent law. Thereafter, she filed a motion to suppress any evidence obtained after an alleged violation of *Miranda v. Arizona*, 384 U.S. 406 (1966). Following the filing of the defendant's motion to suppress, a hearing was held at which only the arresting officer in the case offered testimony.

Motion to Suppress Hearing

Deputy Clark Freeman of the Hamilton County Sheriff's Department testified that in the early morning hours of January 26, 2013, he responded to a single-car accident in which the defendant had been operating the vehicle. Upon arrival, Deputy Freeman observed the vehicle in the woods and some people standing on the roadway. They informed him that a lady was walking around the vehicle. Deputy Freeman entered the woods and observed the defendant walking around, looking like she was dazed. He testified that she was "off balance" and was "really confused and really didn't know where she was at." Deputy Freeman also observed that one of the defendant's hands had been cut by briars. He grabbed the defendant's arm and escorted her out of the woods because she was having a hard time finding her way. Deputy Freeman then placed the defendant in the backseat of his marked patrol car for her safety. Deputy Freeman testified that he could smell alcohol coming from the defendant, and he asked her if she had been drinking. The defendant refused to answer the question. Deputy Freeman then shut the door to his patrol car and returned to the wrecked vehicle to see if there were other passengers inside. He also spoke with the people whom he had seen upon arrival and discovered they were volunteer firemen and neighbors. Deputy Freeman then waited for medical personnel to arrive to examine the defendant.

Upon their arrival, medical personnel had the defendant exit the patrol car and examined her for injuries. Thereafter, Deputy Freeman asked the defendant to perform a series of field sobriety tests. Prior to doing so, he did not inform the defendant of her rights or offer her *Miranda* warnings. He acknowledged that when he placed the defendant inside the back of his patrol car, she would have been unable to leave on her own if she had chosen to do so, as the door could not be opened from the inside. However, he reiterated that the defendant was placed inside the car for her own safety.

2

At the hearing, the defendant argued that she had been placed "in custody" when she was placed in the backseat of the patrol car and was no longer free to leave. She asserted that because she was in custody, she was entitled to *Miranda* warnings. Because she was not afforded those warnings, she contended that any evidence obtained after that point should have been suppressed, including the field sobriety tests, statements made, and her denial of implied consent.[1]

After hearing the evidence presented and arguments made, the trial court denied the defendant's motion to suppress. In its order denying relief, the trial court found that the deputy had indeed seized the defendant when he placed her in the back of his patrol car and concluded that the seizure was based upon a reasonable suspicion that the defendant was driving under the influence because of the smell of alcohol and the circumstances surrounding the accident. The trial court reasoned that the only issue was whether the nature of the seizure necessitated the *Miranda* warnings. The court accredited the testimony of the deputy and concluded that placing the defendant in the back of the car was not an arrest for the purpose of a custodial interrogation, but rather a safety precaution based upon the defendant's condition. The court further noted that, regardless of whether the defendant was in custody for *Miranda* purposes, the field sobriety tests were not testimonial in nature and, therefore, not subject to *Miranda* requirements.

After this determination by the trial court, the defendant made the decision to accept the plea agreement offered by the State. A plea hearing was subsequently held.

Guilty Plea Hearing

The terms of the plea agreement involved the defendant pleading guilty to DUI, first offense, and receiving the minimum statutory sentence. The charge regarding implied consent was dismissed as part of the agreement. The agreement also included consent from the State for the reservation of a certified question regarding the motion to

---

[1] We are unclear as to what the defendant is referring to when she referenced "other statements." Nothing in the record indicates any evidence collected beyond the field sobriety tests and the refusal which led to the implied consent violation charge. We further note that the record does not contain any evidence with regard to a blood test, and the defendant limited that evidence challenged in her certified question to the results of the field sobriety tests and the blood tests.

3

suppress. The trial court extensively reviewed the charges and the plea agreement with the defendant in open court. The court also specifically denoted the applicable rights and that the defendant would be choosing to waive those rights by entering the guilty plea. Thereafter, the court accepted the defendant's plea of guilty and signed the order certifying the question of law. The court further ordered that the sentence imposed be stayed until the certified question of law was resolved on appeal, and the defendant's bond remained the same.

## Analysis

On appeal, through a certified question, the defendant is contending that the trial court erred in denying her motion to suppress. She frames her issue as follows:

> By placing [her] in the back of his marked patrol car and having her locked in the car by herself while he talked to witnesses and medical personnel, Deputy [Clark] L. Freeman of the Hamilton County Sheriff's Office effectively arrested [the defendant], and all evidence obtained thereafter from her was in violation of her rights under the Fourth and Fifth Amendments to the United States Constitution including *Miranda*, as well as under Article I, sections Seven and Nine of the Tennessee Constitution.

In support of her contention that the motion to suppress should have been granted, the defendant asserts that: (1) the detention was unlawful because it was not supported by reasonable suspicion and was unreasonable in time, manner, and scope; (2) she was in fact arrested when she was locked in the back of the marked patrol car; (3) the warrantless arrest was unlawful because it was not supported by probable cause; and (4) the evidence obtained after Deputy Freeman arrested the defendant is inadmissible because he failed to inform her of the right against self-incrimination pursuant to *Miranda*.[2]

---

[2] As pointed out by the State, in her arguments, the defendant appears to be relying upon additional grounds to support her arguments that the field sobriety tests should have been excluded. However, the certified question is strictly limited to whether the defendant was subjected to a custodial interrogation without the benefit of the *Miranda* warnings. No other issues were included in the motion to suppress or raised before the trial court, and we will not now address new arguments for the first time on appeal.

This court will reverse a trial court's findings of fact in a suppression hearing whenever the evidence preponderates otherwise. *State v. Bell*, 429 S.W.3d 524, 528 (Tenn. 2014) (citing *State v. Climer*, 400 S.W.3d 537. 556 (Tenn. 2013)). Witness credibility, the weight and value of evidence and the resolution of conflict in evidence all fall within the province of the trial court. *Id.* at 529 (citing *State v. Echols*, 382 S.W.3d 266, 277 (Tenn. 2012)). The prevailing party on a motion to suppress is entitled to the strongest legitimate view of the evidence, as well as to inferences drawn from the evidence, so long as the inferences are both reasonable and legitimate. *Id.* This court will review a trial court's application of law to the facts *de novo* with no presumption of correctness. *Bell*, 420 S.W.3d at 529 (citing *State v. Moats*, 403 S.W.3d 170, 177 (Tenn. 2013)). The determination of probable cause is a mixed question of law and fact that this court will review de novo. *Id.* (citing *Ornelas v. United States*, 517 U.S. 690, 696-98 (1996).

Prior to addressing the defendant's contention with regard to her motion to suppress, we must first review the prerequisites for certified questions of law provided by our law, as that is how this appeal is before our court. The certified question of law before us is stated as follows:

> Whether Deputy [Clark] L. Freeman of the Hamilton County Sheriff's Department by placing the Defendant in the back of his marked patrol car, without probable cause, and leaving her locked in the car by herself, while he talked to witnesses and medical personnel, effectively arrested the Defendant and any evidence obtained thereafter from her (field sobriety tests and blood test) was in violation of her rights including *Miranda*?

Tennessee Rule of Criminal Procedure 37(b)(2)(A) allows for an appeal from any order or judgment on a conditional plea of guilty or nolo contendere if the defendant reserves, with the consent of the State and the court, the right to appeal a certified question of law that is dispositive of the case, so long as the following four requirements are met:

> (i) the judgment of conviction or other document to which such judgment refers that is filed before the notice of appeal, contains a statement of the certified question of law that the defendant reserved for appellate review;

(ii) the question of law is stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;

(iii) the judgment or document reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

(iv) the judgment or document reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

Tenn. R. Crim. P. 37(b)(2)(A). Absent compliance with these requirements, this court is without jurisdiction to entertain the question.

Review of the record appears to support the conclusion that all of these requirements were in fact satisfied. The certified question is stated in the judgment and clearly identifies the scope and limits of the issue reserved. Additionally, the judgment reflects that the question was reserved with the consent of the court and the State. The document also reflects the parties agreed that the certified question is dispositive of the case.

However, on appeal, the State now contends that the question is not dispositive of the case. The State points out that "this Court is not bound by that determination and agreement." Tenn. R. Crim. P. 37(b)(2)(A)(iv); *State v. Thompson*, 131 S.W.3d 923, 925 (Tenn. Crim. App. 2003). Rather, the reviewing court must make an independent determination that the certified question is dispositive. *State v. Preston*, 759 S.W.2d 647, 651 (Tenn. 1988). The record on appeal must demonstrate how the certified question is dispositive of the case. *Id*. "An issue is dispositive when this Court must either affirm the judgment or reverse and dismiss. An issue is never dispositive when we might reverse and remand." *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984); *see also State v. Dailey*, 235 S.W.3d 131, 134 (Tenn. 2007). When the record contains incriminating evidence apart from that challenged through the certified question, the appellate court must dismiss the appeal because the certified question is not dispositive. *Dailey*, 235 S.W.3d at 135-36. It has previously been held that the denial of a motion to suppress a blood alcohol test is not necessarily dispositive of the case when sufficient evidence exists that is "'independent of the test result,' such as the testimony from an officer or other witness that the motorist drove in a manner or otherwise exhibited behavior that suggested impairment of the ability to drive." *State v. Terry A. Hawkins*, No. M2002-01819-CCA-R3-CD, 2004 WL 735028, at *3 (Tenn. Crim. App. Apr. 6,

6

2004 (quoting *State v. Gregory W. Gurley*, No. W2001-02253-CCA-R3-CD, 2002 WL 1841754, at *3 (Tenn. Crim. App. Aug. 6, 2002).

In the question reserved, the defendant specifically enumerates that the results of the field sobriety tests and the blood test[3] should have been suppressed−that is the only evidence challenged. The record supports that assertion in that the only evidence collected after the defendant was placed in the backseat of the patrol car was in fact the field sobriety tests. Even if this court agreed with the defendant that the results of the field sobriety tests should have been suppressed, the question presented is not dispositive of the outcome of her case. By the defendant's own argument, any evidence gathered before the defendant was placed in the car would be admissible in court.

The record indicates that, even absent the field sobriety tests, some other evidence or observations were part of the deputy's decision to charge the defendant with DUI. For instance, the defendant's vehicle was found crashed in the woods, the defendant was wandering through the woods "dazed and confused," and she could not exit the woods on her own. Additionally, the deputy noticed the odor of alcohol about the defendant's person, and she refused to answer the question of whether she had been drinking. This evidence alone is sufficient to place before the jury for a determination of whether the defendant was guilty of DUI. While the exclusion of the results of the field sobriety tests might have weakened the State's case, it would not necessitate its dismissal. Thus, we must conclude that the certified question is not dispositive and must dismiss the appeal.

## CONCLUSION

Based upon the foregoing, the appeal is dismissed.

_____
JOHN EVERETT WILLIAMS, JUDGE

---

[3] Again we note that, although referred to in the question, there is actually nothing in the record which indicates that a blood test was taken in this case. In fact, she was charged with violation of the implied consent law which would support that there was no test given. However, resolution of that charge is not necessary for our resolution of this case.