IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
August 11, 2021 Session

FILED
09/07/2021
Clerk of the
Appellate Courts

## STATE OF TENNESSEE v. FREDERICK DEAN GIVENS

**Appeal from the Criminal Court for Sumner County**
**No. 83CC1-2019-CR-802  Dee David Gay, Judge**

_____

### No. M2020-01431-CCA-R3-CD

_____

Following the denial of a suppression motion, the defendant, Frederick Dean Givens, pled guilty to possession of more than 0.5 grams of methamphetamine with the intent to sell or deliver, simple possession of marijuana, and possession of a firearm by a convicted felon. As a condition of his plea agreement, the defendant reserved the right to appeal two certified questions of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(A). Upon our review, we conclude the issues are not dispositive of the defendant's case, and the appeal is dismissed. Additionally, we remand the case for entry of judgment forms in counts 3 and 4.

**Tenn. R. App. 3 Appeal as of Right; Appeal Dismissed and Case Remanded for Entry of Corrected Judgments**

J. ROSS DYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and CAMILLE R. MCMULLEN, JJ., joined.

Michael Pellegrin, Gallatin, Tennessee, for the appellant, Frederick Dean Givens.

Herbert H. Slatery III, Attorney General and Reporter; Clark L. Hildabrand, Assistant Attorney General; Ray Whitley, District Attorney General; and Jason Elliott, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### *Facts and Procedural History*

On September 5, 2019, the Sumner County Grand Jury returned an indictment charging the defendant with possession of more than 0.5 grams of methamphetamine with the intent to sell or deliver (count 1); simple possession of marijuana (count 2);

manufacturing for sale or exchange a counterfeit controlled substance (count 3); possession of drug paraphernalia with intent to use (count 4); and possession of a firearm by a convicted felon (count 5). Thereafter, the defendant filed a motion to suppress evidence recovered from a search of his residence, arguing the search warrant lacked probable cause.

At the suppression hearing, Deputy Brian Gambino with the Sumner County Sheriff's Office testified that just after midnight on April 28, 2019, he received a dispatch regarding a disconnected 911 call. Although the caller later advised the 911 operator that he was "trying to program his Apple watch and accidentally called 911," it was standard procedure for officers to follow-up on 911 hang-ups, and Deputy Gambino proceeded to the defendant's residence.

Upon arrival, Deputy Gambino knocked on the door, and the defendant answered. As he advised the defendant of the reason for the visit, Deputy Gambino smelled the odor of marijuana. Additionally, Deputy Gambino heard someone moving in the back of the house and asked if anyone else was home. The defendant stated that his friend and girlfriend were also present. Because Deputy Gambino was concerned someone might be destroying evidence related to the marijuana odor, he entered the residence and conducted a protective sweep, during which Deputy Gambino observed empty plastic bags, a green, leafy substance consistent with marijuana, and various paraphernalia. Deputy Gambino gathered everyone outside and asked the defendant for permission to search the residence. The defendant responded by asking if he could "give [Deputy Gambino] the weed and just get a ticket."

Based on the odor of marijuana, the green, leafy substance observed in plain view, and the defendant's remark about "the weed," Deputy Gambino obtained a search warrant for the defendant's residence. During the execution of the search warrant, Deputy Gambino recovered "multiple pipes and bongs used for smoking marijuana;" a jar containing a green, leafy substance consistent with marijuana; a small bag containing a white, crystal powder; a small box containing plastic bags of different sizes; a "vape tank" which contained a bag with over 40 grams of a white, crystal powder; a gun; ammunition; digital scales with residue; and ledgers containing names, dollar amounts, and weights. Deputy Gambino ran the defendant's name through his computer and discovered he had a felony conviction.

On cross-examination, Deputy Gambino acknowledged that hemp is a legal plant in the same family as marijuana. However, he denied knowing what hemp smelled like or if there was a way to distinguish between the smell of hemp and marijuana.

After its review, the trial court denied the motion to suppress, finding:

So first of all, I find that the protective sweep is justified under the exigent circumstance exception to the Fourth Amendment.

Now, the issue the defendant raised of detection of an odor consistent with marijuana cannot be the basis for probable cause, I disagree. The officer smelled what he thought was consistent with marijuana, and there is no showing anywhere right now that anything else is showing up as hemp and people are being arrested and their houses searched.

The officer at that time was reasonable in his belief that marijuana smell was in the residence. So after being asked to consent to the search of the residence, the defendant at that point said, can I give you the weed and get a ticket. I've never had a case, and I don't know of any officer testifying, and this officer didn't testify, where any person calls hemp weed. So based on that he gets a search warrant.

. . .

So apart from the four corners of this affidavit, which I must look at, the protective sweep, taken with the testimony here of the officer, produced probable case.

Shortly thereafter, the defendant entered a plea of guilty to possession of more than 0.5 grams of methamphetamine with the intent to sell or deliver (count 1); simple possession of marijuana (count 2); and possession of a firearm by a convicted felon (count 5), for which he agreed to an effective sentence of ten years supervised probation. The remaining two counts were dismissed by agreement. The trial court entered an order accepting the defendant's guilty plea which reserved the following certified questions of law pursuant to Rule 37(b)(2)(A) of the Tennessee Rules of Criminal Procedure:

(1)     Whether the detection of an odor consistent with marijuana justified the issuance and execution of a search warrant.

(2)     Whether the plain view of a substance consistent with marijuana justified the issuance and execution of a search warrant.

Upon entrance of the order, the defendant filed this timely appeal.

***Analysis***

On appeal, the defendant contends the affidavit supporting the search warrant lacked probable cause. Specifically, the defendant argues that, because marijuana and hemp are indistinguishable without laboratory testing, the mere sight or odor of a substance consistent with marijuana is insufficient to constitute probable cause. The State contends this Court lacks jurisdiction because the certified questions are not dispositive of the defendant's case. We agree with the State.

Tennessee Rule of Criminal Procedure 37(b)(2)(A) provides that a certified question may be reserved when:

> (A) the defendant entered into a plea agreement under 11(c) but explicitly reserved – with the consent of the state and of the court – the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:
>
> (i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;
>
> (ii) the question of law as stated in the judgment or order reserving the certified question identified clearly the scope and limits of the legal issue reserved;
>
> (iii) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and
>
> (iii) the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case . . . .

In the present case, the trial court, the defendant, and the State agreed that the certified questions were dispositive of the case. However, on appeal, the State contends the questions are not dispositive.

Generally, a "question is dispositive when the appellate court must either affirm the judgment [of conviction] or reverse and dismiss [the charges]." *State v. Dailey*, 235 S.W.3d 131, 134 (Tenn. 2007) (internal quotations and citations omitted). "If the appellate court does not agree that the certified question is dispositive, appellate review should be denied." *State v. Preston*, 759 S.W.2d 647, 651 (Tenn. 1988).

- 4 -

Here, the defendant's certified questions are limited to whether the sight or odor of a substance consistent with marijuana is sufficient probable cause for a search warrant. However, Deputy Gambino's search warrant affidavit referenced information other than seeing and smelling marijuana in support of probable cause to search the defendant's residence. Specifically, the affidavit contained the defendant's statement asking whether he could "give [Deputy Gambino] the weed and just get a ticket." Because the affidavit contained an additional basis for probable cause other than the odor and sight of marijuana, we conclude the defendant's certified questions are not dispositive of the case, and the appeal is dismissed. *See State v. Prince Dumas*, No. W2015-01026-CCA-R3-CD, 2016 WL 4083256, at *3 (Tenn. Crim. App. Aug. 1, 2016) (holding a certified question raising the validity of the basis for a search warrant was not dispositive "when the search in question was also supported by alternative bases"), *no perm. app. filed; State v. Thurman G. Ledford*, No. E2002-01660-CCA-R3-CD, 2003 WL 21221280, at *4 (Tenn. Crim. App. May 22, 2003) (finding the certified question was "not determinative or dispositive because the validity of the search warrant can still rest on other information supplied in the affidavit"), *perm. app. denied* (Tenn. Oct. 6, 2003).

Finally, we note that the record does not include judgment forms for counts 3 and 4. Although not discussed at the guilty plea hearing, it appears from the record that counts 3 and 4 were dismissed as part of the plea agreement. The trial court should, on remand, enter judgment forms reflecting the disposition of counts 3 and 4. *See State v. Davidson*, 509 S.W.3d 156, 217 (Tenn. 2016) (requiring a trial court to prepare a uniform judgment document for each count of the indictment).

## *Conclusion*

Based on the foregoing, the appeal is dismissed. However, we remand this case for entry of corrected judgments as specified in this opinion.

_____
J. ROSS DYER, JUDGE