IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
August 24, 2021 Session

## STATE OF TENNESSEE v. SEAN MATTHEW HOUSER

**Appeal from the Circuit Court for Grainger County**
**No. 6407      O. Duane Slone, Judge**

---

### No. E2020-01389-CCA-R3-CD

---

**ROBERT H. MONTGOMERY, JR., J., concurring in the result.**

I concur with the majority's conclusion to dismiss the Defendant's appeal. However, I would dismiss the appeal on the basis that the certified questions are not dispositive because even if the results of the Defendant's warrantless blood draw were suppressed, other sufficient evidence exists upon which the Defendant could be convicted of DUI.

Tennessee Criminal Procedure Rule 37(b)(2)(A) provides that an appeal can be taken from a plea of guilty if the Defendant enters into a plea agreement and explicitly reserves with the consent of the State and the trial court a certified question of law that is dispositive of the case. *See* Tenn. R. Crim. P. 37(b)(2)(A)(i)-(iv); *State v. Armstrong*, 126 S.W.3d 908 (Tenn. 2003). "An issue is dispositive when this court must either affirm the judgment or reverse and dismiss. An issue is never dispositive when we might reverse and remand[.]" *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984). Furthermore, the fact that the defendant, the State, and the trial judge have agreed the issue is dispositive does not bind this court. *State v. Preston*, 759 S.W.2d 647, 651 (Tenn. 1988). "[T]he appellate courts must . . . determine if the record on appeal demonstrates how that question is dispositive of the case . . . . If the appellate court does not agree that the certified question is dispositive, appellate review should be denied." *Id.* (citing *State v. Jennette*, 706 S.W.2d 614, 615 (Tenn. 1986)); *see State v. Dailey*, 235 S.W.3d 131, 134-35 (Tenn. 2007). The certified question must also clearly identify "the scope and limits of the legal issue reserved." Tenn. R. Crim. P. 37(b)(2)(A)(ii).

The record reflects that the Defendant was charged with DUI by an affidavit of complaint and was found guilty following a bench trial in the general sessions court. On appeal to the circuit court, the Defendant filed a motion to suppress the test results of his warrantless blood draw. Following the trial court's denial of his motion to suppress, the Defendant pleaded guilty to DUI per se and reserved two certified questions of law.

Even though the Defendant pleaded guilty to DUI per se, he was charged in the affidavit of complaint with a single count of DUI without specification of the mode of committing the offense, which also included DUI by intoxication. DUI per se and DUI by intoxication are not separate offenses but are alternative means of committing DUI. *See State v. Riley Christopher Wilburn*, --- S.W.3d ---, ---, No. M2020-00130-CCA-R3-CD, 2021 WL 2554209, at *5 (Tenn. Crim. App. June 22, 2021) (holding that DUI by intoxication and DUI per se are alternative modes of committing the offense of DUI, not separate offenses, and may be included in the same count of a charging instrument and that juror unanimity as to the particular mode or modes of committing the offense are not required), *perm. app. denied* (Tenn. Oct. 13, 2021). Thus, the trier of fact could have convicted the Defendant of DUI based on either mode of committing the offense: DUI per se or DUI by intoxication.[1]

In my view, the certified questions are not dispositive of the outcome of the case because even if the Defendant's blood test result were suppressed, other evidence exists upon which the State could rely at trial to show that the Defendant committed the offense of DUI. Agent Reed testified that the Defendant drove on a straight stretch of road, struck a curb, and damaged the car's tires. Agent Reed asked the Defendant to perform a series of field sobriety tests, and Agent Reed concluded from the Defendant's performance that the Defendant drove while intoxicated. Also, Agent Reed and another officer smelled the odor of "an intoxicating beverage" and found an open alcoholic beverage container in the car. *See State v. Maegan Davis*, No. W2017-02145-CCA-R3-CD, 2018 WL 3409678, at *6 (Tenn. Crim. App. July 12, 2018) (holding that a certified question was not dispositive of the defendant's DUI charge because the State could proceed on a charge of DUI based on the arresting officer's observations that the defendant's speech was "slurred" and that she had trouble walking); *State v. Anne Elizabeth Cushing*, No. E2015-00462-CCA-R3-CD, 2016 WL 1069294, at *4 (Tenn. Crim. App. Mar. 18, 2016) (holding that "the denial of a motion to suppress a blood alcohol test is not necessarily dispositive of the case when sufficient evidence exists that is independent of the test result") (internal quotations omitted).

---

[1] Certified question cases exist in which the two modes of committing DUI were indicted in separate counts, but the certified question on appeal involved only one count. *See e.g. State v. Davis*, 484 S.W.3d 138, 142 (Tenn. 2016) (defendant was charged with two alternative counts of DUI, defendant pleaded guilty to one count of DUI, and the State dismissed the remaining count); *State v. Smith*, 484 S.W.3d 393, 399 (Tenn. 2016) (defendant was charged with two alternative counts of DUI and defendant pleaded guilty to one count of DUI). However, in this case, the affidavit of complaint had only one DUI count, which included both modes of committing DUI.

I would dismiss the appeal because the certified questions are not dispositive, and, as a result, we lack jurisdiction.

 

_____
ROBERT H. MONTGOMERY, JR., JUDGE