IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Remanded on August 27, 2024

**STATE OF TENNESSEE v. TORRIAN SEANTEL BISHOP**

**Appeal from the Circuit Court for Obion County**
**No. CC-22-CR-22   Jeffrey Parham, Judge**

_____

**No. W2023-00713-CCA-R3-CD**

_____

The Tennessee Supreme Court remanded this case for reconsideration in light of *State v. Andre JuJuan Lee Green*, --- S.W.3d ---, No. M2022-00899-SC-R11-CD, 2024 WL 3942511 (Tenn. 2024). *See State v. Torrian Seantel Bishop*, No. W2023-00713-CCA-R3-CD, 2024 WL 1564346, (Tenn. Crim. App. Apr. 11, 2024) (*Bishop I*)*, case remanded* (Tenn. Aug. 27, 2024). This court concluded in the previous appeal that the certified question was dispositive of the case and that the officers had probable cause to search the Defendant's car because an officer smelled the odor of marijuana. Upon further review, we conclude that the certified question is not dispositive of the case because our supreme court in *Andre JuJuan Lee Green* made clear that a trial court must apply a totality of the circumstances analysis when determining whether an officer has probable cause to conduct a warrantless search of a car. --- S.W.3d ---, 2024 WL 3942511, at *6. Upon consideration of the certified question and our supreme court's holding in *Andre JuJuan Lee Green*, we conclude that we are without jurisdiction to consider the certified question presented. The appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and JILL BARTEE AYERS, JJ., joined.

Bill Randolph, District Public Defender; Jessica F. Butler (on appeal), Assistant Public Defender-Appellate Division; and Damon E. Campbell (at suppression and guilty plea hearings), Assistant Public Defender, for the appellant, Torrian Seantel Bishop.

Jonathan Skrmetti, Attorney General and Reporter; Katherine C. Redding and Richard D. Douglas, Sr., Assistant Attorneys General; Colin Johnson, District Attorney General; Melinda Meador and Jerald Campbell, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

This case relates to the November 5, 2021 traffic stop of the Defendant's car. Based upon their conclusion that probable cause existed to search the vehicle as a result of their smelling the odor of marijuana, officers found a stolen handgun under the driver's seat. The Defendant filed a motion to suppress the handgun's seizure, contending that the officers lacked probable cause to search his vehicle. The Defendant did not challenge the vehicle stop.

After a hearing, the trial court granted the Defendant's motion to suppress on the basis that it was impossible for the officer to distinguish between the odor of legal hemp and that of illegal marijuana.[1] The State filed a motion to rehear, citing *State v. Stephen Paul Hampton and Margaret Mary Hampton*, which held that the smell of marijuana could provide probable cause despite an officer's inability to distinguish between hemp and marijuana. No. W2021-00938-CCA-R3-CD, 2022 WL 16919950 (Tenn. Crim. App. Nov. 14, 2022). After a hearing on the State's motion, the court concluded that an officer's smelling the odor of marijuana provided probable cause for the search of the Defendant's car and denied the Defendant's motion to suppress the handgun.

Evidence from the hearings showed:

. . . Union City Police Officer Kyle Ross testified that he conducted a traffic stop of the Defendant's car after confirming with the police dispatcher that the Defendant was driving with a suspended driver's license. Officer Ross stated that he advised the Defendant of the reason for the stop, that Union City Police Sergeant Josh Rogers arrived on the scene, and that Sergeant Rogers indicated he smelled the odor of marijuana. Officer Ross stated that since having COVID, he had lost his sense of smell. Officer Ross said that when he asked the Defendant about the last time marijuana had been in the car, the Defendant answered, "It had been a minute." Officer Ross said that he removed the Defendant from the car, conducted a search of the car, found a handgun underneath the driver's seat, and determined that the handgun had been stolen. Officer Ross said that he was not aware that the Defendant was on probation or a felon at the time of the traffic stop.

On cross-examination, Officer Ross testified that he had probable cause to search the car solely as a result of the smell of marijuana and that it was not a consensual or probation search. Officer Ross said that the traffic

---

[1] Hemp is defined as *Cannabis sativa* containing not more than 0.3% Tetrahydrocannabinol (THC). Marijuana is defined as *Cannabis sativa* containing greater than 0.3% THC. *See* T.C.A. §§ 39-17-402 (2019) (subsequently amended); 43-27-101 (Supp. 2020) (subsequently amended).

stop occurred early in the morning and that he wore a body camera. Officer Ross stated that the Defendant got out of the car when asked and that a pat down of the Defendant did not reveal any marijuana. Officer Ross told the Defendant that the Defendant could leave if the search of the car did not reveal anything of concern. Officer Ross acknowledged that he did not find any marijuana in the car. Officer Ross stated that after the Defendant's arrest, Sergeant Rogers transported the Defendant to the police station and that the Defendant's vehicle was towed from the scene.

A copy of Officer Ross's body camera video recording was played at the hearing and was received as an exhibit. The recording is consistent with the testimony. The Defendant's probation order was received as an exhibit, according to which the Defendant agreed to a warrantless search of his car by a law enforcement officer at any time.

. . . Sergeant Rogers said he had "no question in his mind" that he smelled marijuana.

On cross-examination, Sergeant Rogers acknowledged that he could not differentiate between the odor of hemp and marijuana.

*Bishop I*, 2024 WL 1564346, at *1-2.

The Defendant entered a best-interest guilty plea to unlawful possession of a weapon and theft of property. *See North Carolina v. Alford*, 400 U.S. 25 (1970). The Defendant reserved a certified question of law to which the State and the trial court consented and certified as dispositive of the case. *See* Tenn. R. Crim. P. 37(b)(2)(A). The Defendant's certified question was as follows

Whether under the Fourth Amendment to the U.S. Constitution and Article I, section 7 of the Tennessee Constitution, law enforcement possessed probable cause to search the Defendant's automobile without a warrant based exclusively on the allegedly plain smell of marijuana, when the officer claiming to have probable cause to search the automobile admittedly could not distinguish the smell of marijuana from the smell of hemp, the possession of hemp was legalized on April 4, 2019 by the passage of Senate Bill No. 357 as Public Chapter 87 in the 2019 Session of the 111th Tennessee General Assembly, and the traffic stop and automobile search in this case occurred on November 5, 2021?

In its order granting the Defendant's application for review of this court's decision in *Bishop I*, our supreme court remanded the case to this court for reconsideration in light

-3-

of the supreme court's decision in *Andre JuJuan Lee Green* released on August 27, 2024. *State v. Torrian Seantel Bishop,* No. W2023-00713-SC-R11-CD (Tenn. Sept. 12, 2024) (order); *see Andre JuJuan Lee Green*, --- S.W.3d ---, 2024 WL 3942511. The parties submitted supplemental briefs.

At the time *Bishop I* was filed, our supreme court had granted the defendant's application for permission to appeal pursuant to Tennessee Rule of Appellate Procedure 11 in *Andre JuJuan Lee Green,* but the court had not yet released its opinion. *See State v. Andre JuJuan Lee Green*, No. W2022-00899-SC-R11-CD (Tenn. Nov. 20, 2023) (order). In *Andre JuJuan Lee Green*,[2] the supreme court considered the issue of "how the legalization of hemp affects a probable cause analysis where law enforcement relied, in part, on a positive alert from a drug-sniffing canine incapable of differentiating between the smell of legal hemp and illegal marijuana." *Andre JuJuan Lee Green*, ---S.W.3d---, 2024 WL 3942511, at *1. The court concluded that "determining whether probable cause exists is a totality-of-the-circumstances inquiry" and that the odor of marijuana "is still probative of whether or not illegal substances are located inside of an automobile and should therefore still be considered in a totality-of-the-circumstances analysis." *Id.* at *6-7. The court held that the legalization of hemp "may add a level of ambiguity" as to the probative value of the odor of marijuana in a probable cause determination but "does not destroy the fact's usefulness outright and require it to be disregarded." *Id.* at *6 (citation omitted). The court also explicitly rejected a per se rule of probable cause based solely on the detection of the odor of marijuana. *Id.* ("To the extent any prior opinions of the Court of Criminal Appeals or this Court imply or provide a per se rule of probable cause based on a positive alert [for the odor of marijuana] . . . they are overruled.").

In this court's previous opinion, we found the certified question was dispositive of the case and considered the question on its merits. We noted that the record reflected that Sergeant Rogers smelled the odor of marijuana in the Defendant's car and that the Defendant said marijuana had been in the car. We also noted that the current state of the law in Tennessee was that the smell of marijuana provided probable cause for a search, citing *State v. Andre JuJuan Lee Green*, No. M2022-00899-CCA-R3-CD, 2023 WL 3944057, at *3 (Tenn. Crim. App. June 12, 2023), *perm. app. granted* (Tenn. Nov. 20, 2023). Accordingly, we affirmed the decision of the trial court denying the Defendant's motion to suppress the handgun. *Bishop I*, 2024 WL 1564346, at *4.

---

[2] "[T]here is no practical difference for purposes of our analysis" where "an officer, not a trained canine, smell[ed] marijuana." *State v. Andre JuJuan Lee Green*, No. M2022-00899-CCA-R3-CD, 2023 WL 3944057, at *3 (Tenn. Crim. App. June 12, 2023), *aff'd*, --- S.W.3d ---, (Tenn. 2024).

-4-

On remand, we have considered our supreme court's opinion in *Andre JuJuan Lee Green* and conclude, as we will explain, that the certified question in the present case is not dispositive.

Tennessee Criminal Procedure Rule 37(b)(2)(A) provides that an appeal can be taken from a plea of guilty if the Defendant enters into a plea agreement and explicitly reserves with the consent of the State and the trial court a certified question of law that is dispositive of the case. Tenn. R. Crim. P. 37(b)(2)(A)(i)-(iv); *see State v. Armstrong*, 126 S.W.3d 908 (Tenn. 2003). "An issue is dispositive when this court must either affirm the judgment or reverse and dismiss. A question is never dispositive when we might reverse and remand[.]" *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984). Furthermore, the fact that the defendant, the State, and the trial judge have agreed the issue is dispositive does not bind this court. *State v. Preston*, 759 S.W.2d 647, 651 (Tenn. 1988). "[T]he appellate courts must . . . determine if the record on appeal demonstrates how that question is dispositive of the case . . . . If the appellate court does not agree that the certified question is dispositive, appellate review should be denied." *Id*. (citing *State v. Jennette*, 706 S.W.2d 614, 615 (Tenn. 1986)); *see State v. Dailey*, 235 S.W.3d 131, 134-35 (Tenn. 2007). The certified question must also clearly identify "the scope and limits of the legal issue reserved." Tenn. R. Crim. P. 37(b)(2)(A)(ii).

In his brief, the Defendant contends that because the odor of marijuana, alone, cannot establish probable cause, the trial court erred in finding the officers had probable cause to conduct a search. The Defendant also contends that this court is precluded from "going beyond the scope of the certified question to determine if the totality-of-the-circumstances established probable cause" as that would be a violation of his plea agreement. Alternatively, the Defendant argues that the facts do not establish probable cause under a totality of the circumstances analysis. The State contends that the certified question fails to identify the scope and limit of the legal issue and is, therefore, not dispositive. Alternatively, the State contends that the totality of the circumstances provided probable cause for the officers to search the Defendant's car.

The supreme court has now clarified that a totality-of-the-circumstances analysis must be used when determining whether probable cause exists for a warrantless search of a car based on the odor of marijuana. *See generally Andre JuJuan Lee Green*, --- S.W.3d ---, 2024 WL 3942511. The supreme court has also held that, in order for a certified question to be dispositive, a trial judge must have made a "meaningful determination of whether the issue sought to be reviewed is dispositive of the case," and the record on appeal must demonstrate how the certified question is dispositive of the case. *Preston*, 759 S.W.2d at 650-51. In the present case, the trial court found that the odor of marijuana, alone, provided probable cause for the officers' search. The trial court did not apply a totality-of-the-circumstances analysis to the suppression motion, and, as a result, the certified question fails to frame the inquiry as one addressing the totality of the

circumstances. Without addressing whether the totality of the circumstances provided the officers with probable cause to search the Defendant's car, the trial court could not have made a "meaningful determination" that the issue sought to be reviewed was dispositive of the case. *See id.* at 650. As a result, we conclude that the certified question is not dispositive.

The Defendant argues that his plea agreement requires this court to consider only the officer's smell of the odor of marijuana without regard to a totality-of-the-circumstances analysis in determining the probable cause issue in the certified question. However, the issue before this court requires us to determine whether the officers had probable cause to conduct a warrantless search of the Defendant's car. The certified question fails to address the totality-of-the-circumstances analysis necessary to make that determination. That fact notwithstanding, in this court's previous decision, we also applied a totality-of-the-circumstances analysis and concluded that "the record demonstrates a 'fair probability, given the totality of the circumstances, that contraband or evidence [would] be found' in the Defendant's car, thus meeting the standard for establishing probable cause." *Bishop I*, 2024 WL 1564346, at *4 (citations omitted).

Upon reconsideration, we conclude that the certified question is not dispositive. *See* Tenn. R. Crim. P. 37(b)(2)(A)(i)-(iv). Accordingly, we are without jurisdiction to consider this appeal. *See Preston*, 759 S.W.2d at 650. The appeal is dismissed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE