IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 7, 2020

## STATE OF TENNESSEE v. TIMOTHY TERELL MAYS

**Appeal from the Circuit Court for Madison County**
**Nos. 17-489, 17-490   Donald H. Allen, Judge**

_____

### No. W2019-01095-CCA-R3-CD

_____

The Defendant, Timothy Terell Mays, was convicted on his guilty pleas to two counts of sale of cocaine, a Class C felony, and two counts of delivery of cocaine, a Class C felony. *See* T.C.A. § 39-17-417(a)(2), (3), (c)(2)(A) (2018).  The delivery offenses were merged with the sale offenses.  Pursuant to the plea agreement, he received six-year sentences, to be served concurrently to each other and consecutively to a previous sentence, and he reserved a certified question of law regarding mandatory joinder of the present offenses with the offenses from a previous prosecution in which his guilt had already been adjudicated.  We affirm the judgments of the trial court, and we remand the case for correction of a clerical error.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed;**
**Case Remanded**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT L. HOLLOWAY, JR., JJ., joined.

George Morton Googe, District Public Defender; and Gregory D. Gookin, Assistant District Public Defender, for the Appellant, Timothy Terell Mays.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Jody Pickens, District Attorney General; Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant was charged with several offenses related to the sale of cocaine to a confidential informant. In case number 17-17, the Petitioner pleaded guilty on May 8, 2017, to sale of cocaine on May 25, 2016, and sale of cocaine on May 31, 2016. On October 2, 2017, the grand jury returned indictments in cases 17-489 and 17-490. In each case, the Defendant was charged with one count of sale of cocaine and one count of delivery of cocaine. Case 17-489 involved offenses occurring on June 13, 2016, and case 17-490 involved offenses occurring on July 6, 2016.

The Defendant filed a motion to dismiss cases 17-489 and 17-490 on the basis that they were subject to mandatory joinder with case 17-17. At the hearing on the motion to dismiss, Jackson Police Sergeant Samuel Gilley testified that he investigated the Defendant for sale of narcotics to a confidential informant on May 25 and 31, 2016; June 13, 2016; and July 6, 2016. Sergeant Gilley said the Tennessee Bureau of Investigation (TBI) Laboratory report reflected that the drugs collected as evidence in case 17-17 were received by the laboratory on June 8, 2016 and that the report was issued on November 1, 2016. He said that the TBI Laboratory report reflected that the drugs collected as evidence in cases 17-489 and 17-490 were received by the laboratory on July 13, 2016 and that the report was issued on November 8, 2016. He said the date the report was issued did not necessarily reflect when the Jackson Police Department received the report because reports were delivered electronically "and sometimes the State fails to get them posted." He agreed that the laboratory reports could be "search[ed] . . . on a special server or website." He did not know if the district attorney general's office had access to the server or website.

Sergeant Gilley testified that the same confidential informant was involved in each of the transactions for which the Defendant was indicted and that each transaction involved the sale of crack cocaine. He said that each transaction was a separate "buy" on a separate day. He did not know when the case files were sent to the district attorney general's office.

The prosecutor stated to the trial court that he had received the file for cases 17-489 and 17-490 about two months before the Defendant pleaded guilty in case 17-17. He said that the file had been incomplete and that on March 17, 2017, he sent a note to the district attorney general's investigator to collect more evidence before the case could be presented to the grand jury. He said the case was presented to the grand jury in October 2017, which was after the Defendant's guilty plea in case 17-17.

The trial court denied the motion to dismiss. It found that the offenses were "four separate criminal episodes" and not part of a single criminal episode.

The Defendant sought permission from the trial court to file an interlocutory appeal pursuant to Tennessee Rule of Appellate Procedure 9, although the record does not indicate

-2-

whether the court acted on the Defendant's motion. The appellate court clerk has no record of a Rule 9 application filed with this court.

The Defendant entered into a plea agreement. The transcript of the guilty plea hearing is not part of the appellate record, but the judgments reflect that the Defendant pleaded guilty to two counts of sale of cocaine and two counts of delivery of cocaine. The trial court merged Counts 1 and 2 of case 17-489 and Counts 1 and 2 of case 17-490. The court imposed the agreed-upon six-year sentences for each case, to be served concurrently to each other and consecutively to the six-year sentence the Defendant received for case 17-17. As part of the plea agreement, the Petitioner reserved the following certified question of law:

> Did the trial court err in denying the Defendant's "Motion to Dismiss Indictments" where the Defendant argued that these indictments were subject to mandatory joinder under Tenn. R. Cri. Pro. 8(a)(1) and 8(b)?

The parties agreed that the certified question was dispositive of the case.

Tennessee Criminal Procedure Rule 37(b)(2)(A) provides that an appeal can be taken from a plea of guilty if the Defendant enters into a plea agreement and explicitly reserves with the consent of the State and the trial court a certified question of law that is dispositive of the case. *See* Tenn. R. Crim. P. 37(b)(2)(A)(i)-(iv); *State v. Armstrong*, 126 S.W.3d 908 (Tenn. 2003). "An issue is dispositive when this court must either affirm the judgment or reverse and dismiss. An issue is never dispositive when we might reverse and remand[.]" *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984). Furthermore, the fact that the defendant, the State, and the trial judge have agreed the issue is dispositive does not bind this court. *State v. Preston*, 759 S.W.2d 647, 651 (Tenn. 1988). "[T]he appellate courts must . . . determine if the record on appeal demonstrates how that question is dispositive of the case . . . . If the appellate court does not agree that the certified question is dispositive, appellate review should be denied." *Id*. (citing *State v. Jennette*, 706 S.W.2d 614, 615 (Tenn. 1986)); *see State v. Dailey*, 235 S.W.3d 131, 134-35 (Tenn. 2007). The certified question must also clearly identify "the scope and limits of the legal issue reserved." *See* Tenn. R. Crim. P. 37(b)(2)(A)(ii).

We conclude that the question presented is dispositive of the case, and we will undertake review.

Relative to joinder of offenses, Tennessee Rule of Criminal Procedure provides:

(a) Mandatory Joinder of Offenses.

(1) Criteria for Mandatory Joinder. Two or more offenses shall be joined in the same indictment, presentment, or information, with each offense stated in a separate count, or the offenses consolidated pursuant to Rule 13, if the offenses are:

> (A) based on the same conduct or arise from the same criminal episode;

> (B) within the jurisdiction of a single court; and

> (C) known to the appropriate prosecuting official at the time of the return of the indictment(s), presentment(s), or information(s).

(2) Failure to Join Such Offenses. A defendant shall not be subject to separate trials for multiple offenses falling within Rule 8(a)(1) unless they are severed pursuant to Rule 14.

(b) Permissive Joinder of Offenses. Two or more offenses may be joined in the same indictment, presentment, or information, with each offense stated in a separate count, or consolidated pursuant to Rule 13, if:

(1) the offenses constitute parts of a common scheme or plan; or

(2) they are of the same or similar character.

Tenn. R. Crim. P. 8(a), (b).

In determining whether multiple offenses constitute a single criminal episode subject to mandatory joinder pursuant to Rule 8(a)(1), our supreme court has adopted American Bar Association Standards for Criminal Justice, section 13-1.2 cmt., at 13.10, which provides:

> "Single criminal episode" offenses normally are generated by separate physical actions. The actions may be committed by separate defendants. In other respects, however, they are similar to same conduct offenses: they occur simultaneously or in close sequence, and they occur in the same place or in closely situated places. A critical characteristic of single episode offenses, particularly in cases involving otherwise unrelated offenses or offenders, is the fact that proof of one offense necessarily involves proof of the others.

*State v. Johnson*, 342 S.W.3d 468, 474 (Tenn. 2011) (quoting ABA Standards). The *Johnson* court said that if multiple acts are to be construed as arising from a single criminal episode, they "must occur simultaneously or in close sequence and must occur in the same place or in closely situated places." *Id.* The *Johnson* court stated, "A break in the action may be sufficient to interrupt the temporal proximity required for a single criminal episode to exist." *Id.* Significantly, in order for offenses to be subject to mandatory joinder, proof of one "must be inextricably connected with the proof of the other offense." *Id.* Alternatively, however, proof of one offense must constitute a substantial portion of the proof the other offense. *Id.*

In the present case involving docket numbers 17-489 and 17-490, as well as in the previous case involving docket number 17-17, the Defendant was charged with selling and delivering cocaine to a confidential informant. The identity of the informant was the same in each case, and Sergeant Gilley conducted the controlled buys in each case. The offenses involved separate transactions on different dates. Each was capable of independent prosecution, based upon the facts that occurred on the date of the transaction, and proof of the other offenses was not necessary in order to obtain a conviction for any single offense.

The offenses were not based on the same conduct or did not arise from the same criminal episode. *See* Tenn. R. Crim. P. 8(a)(1)(A). We conclude that the trial court did not err in denying the motion to dismiss, and the Defendant is not entitled to relief on his certified question of law.

In a matter that has not been raised by the parties, we note that the judgment form for Count 2 of Case 17-489 states that the conviction offense is related to delivery of a Schedule IV drug. The indictment and guilty plea paperwork reflect, however, that the offense related to delivery of cocaine, which is a Schedule II drug. We remand the case for correction of a clerical error on this judgment form. *See* Tenn. R. Crim. P. 36.

In consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed, and the case is remanded for correction of the clerical error.

_____
ROBERT H. MONTGOMERY, JR., JUDGE